ANGELA JOANNE NANCE, PLAINTIFF v. ROBIN DALE ROBERTSON, AMERICAN TELEVISION AND COMMUNICATIONS CORPORATION, DEFENDANTS

No. 878SC1213

(Filed 2 August 1988)

**Automobiles § 58.1; Damages § 11.2— turning in front of oncoming vehicle—sudden emergency—no willful or wanton act**

Defendant's turning of his van in front of plaintiff's approaching car was not a willful or wanton act which would allow for the imposition of punitive damages, since defendant made the turn in an effort to avoid a collision with a truck which was about to skid into the back of defendant's van.

APPEAL by plaintiff from *Llewellyn, Judge.* Order entered 27 July 1987 in Superior Court, WAYNE County. Heard in the Court of Appeals 3 May 1988.

*George K. Freeman, Jr. for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Richard T. Boyette and Samuel H. Poole, Jr., for defendant appellees.*

PHILLIPS, Judge.

Plaintiff, injured when her Volkswagen car collided with the corporate defendant's Ford Econoline van driven by the defendant Robertson, sued for both compensatory and punitive damages, alleging that the collision occurred because Robertson intentionally, willfully and wantonly turned the van in front of her approaching vehicle. The punitive damages claim was dismissed by an order of partial summary judgment which is appealable, though interlocutory, since the two claims depend upon the same evidence and plaintiff's right to try them before the same jury and avoid the possible travesty of different juries rendering conflicting verdicts is a substantial one. G.S. 1-277 and G.S. 7A-27; *Oestreicher v. American National Stores, Inc.,* 290 N.C. 118, 225 S.E. 2d 797 (1976). In entering the order the court considered depositions and other materials which indicate the following:

The collision occurred on U. S. Highway 70 near Burlington in Alamance County at high noon on a drizzly day. Plaintiff in her Volkswagen was traveling in an easterly direction, the van was traveling in the opposite direction, and the highway at that place had two lanes. Defendant Robertson, driving his employer's van loaded with television and communications equipment worth approximately $60,000, was on his way to his parents' home on the south side of the highway. The highway shoulder at that place is about three or four yards wide and is bordered by a shallow ditch about a foot and a half deep, which the entrance to the Robertson driveway crosses. When his parents' house came into Robertson's view he signaled for a left turn, slowed the van down, and seeing plaintiff's approaching car between 300 and 400 yards away, stopped opposite the driveway entrance. Shortly thereafter in the rearview mirror Robertson saw a mid-sized truck skidding toward the van. Thinking that he could avoid a collision by turning the van into the driveway before either the truck or plaintiff's car got there he suddenly turned the van toward the driveway but partially overshot it and when he stopped the van its right front tire was at the edge of the ditch, its left front tire was in the driveway, and the back wheels of the van were still on the highway. Plaintiff's car, about 50 feet away when the van started its turn and traveling about 35 to 40 M.P.H., crashed into the van's right rear wheel and quarter panel. The skidding truck still in its lane,

though veering to the right, passed on without contacting either vehicle.

The evidence and plaintiff's appeal give rise to the following principles of law: The purpose of punitive damages is to punish wrongdoers for misconduct of an aggravated, extreme, outrageous, or malicious character. Punitive damages for accidental injuries can be awarded only where the defendant's misconduct reaches a higher level than mere negligence, *Holley v. Hercules, Inc.*, 86 N.C. App. 624, 627, 359 S.E. 2d 47, 49 (1987), and amounts to wantonness, willfulness, or a reckless indifference to consequences. *Ingle v. Allen*, 69 N.C. App. 192, 317 S.E. 2d 1, *disc. rev. denied*, 311 N.C. 757, 321 S.E. 2d 135 (1984). "An act is wanton when, being needless, it manifests no rightful purpose," *Wise v. Hollowell*, 205 N.C. 286, 289, 171 S.E. 82, 84 (1933), and a willful injury requires "actual knowledge . . . of the peril to be apprehended, coupled with a design, purpose, and intent to do wrong and inflict injury." *Wagoner v. North Carolina Railroad Company*, 238 N.C. 162, 168, 77 S.E. 2d 701, 706 (1953). "[T]he word 'wanton' implies turpitude, and that the act is committed or omitted of willful, wicked purpose; that the term 'willfully' implies that the act is done knowingly and of stubborn purpose, but not of malice." *Ibid.* at 167, 77 S.E. 2d at 705. Since the law grades human conduct according to the circumstances that give rise to it, one endangered by a sudden emergency not of his own making is not expected to act with the same rectitude as one not so endangered. *Rodgers v. Carter*, 266 N.C. 564, 146 S.E. 2d 806 (1966).

Measured by the foregoing principles of law the evidence in this case, viewed in its most favorable light for the plaintiff, does not tend to show any aggravated misconduct by Robertson that merits the imposition of punitive damages. The evidence tends only to show that before the emergency of the skidding truck developed Robertson's van was lawfully stopped on the highway, posing no danger to anyone; that in spontaneously seeking to avoid the skidding truck Robertson turned the van across the path of plaintiff's rapidly approaching car in an effort to reach the driveway to his parents' home when that movement could not be safely made and the safer course would have been to drive straight ahead; and that the purpose of his action, to avoid a collision, is not one that the law condemns. The evidence does not show, however, that an entirely risk free course was available to

him as the van could have been hit by the skidding truck and knocked on down the road or into plaintiff's car if it had either stayed where it was or had been started forward; nor does it show that the course Robertson took was clearly doomed to fail, and thus utterly without basis, because the effort to avoid a collision failed just by the width of the van's rear tire and might have succeeded had he not overshot the driveway. Thus, the record discloses no basis for plaintiff's characterization of Robertson's spur of the moment course as either wanton, willful, or recklessly irresponsible, and the argument to the contrary based upon Robertson's admission that he *intentionally* turned the van in front of her approaching car, is overdrawn. Because not every intentional act is a wanton or willful act, as the foregoing authorities indicate; indeed, though the vast majority of motor vehicular collisions result from intentional turns or acts of one kind or another, only a small percentage of such acts exceed the level of ordinary negligence. In all events we hold that under our law an imprudent or even reckless act intentionally done in an effort to avoid imminent danger is not a willful or wanton act, though the same act intentionally done for no proper purpose is.

Affirmed.

Judges JOHNSON and SMITH concur.