RANDY L. HARWOOD v. AARON J. JOHNSON, SECRETARY OF THE NORTH CAROLINA DEPT. OF CORRECTION, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; BRUCE B. BRIGGS, CHAIRMAN OF THE NORTH CAROLINA PAROLE COMMISSION, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; LOUIS R. COLOMBO, WANDA J. GARRETT, JEFFREY T. LEDBETTER, AND A. LEON STANBACK, JR., MEMBERS OF THE NORTH CAROLINA PAROLE COMMISSION, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES; GWEN O. WILLIAMS, PAROLE CASE ANALYST, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES; AND JAMES F. BAME, SUPERINTENDENT OF THE ROWAN COUNTY PRISON UNIT, IN HIS OFFICIAL CAPACITY ONLY

No. 8810SC276

(Filed 20 December 1988)

1. **State § 4.2— negligence and false imprisonment—public officials—sovereign immunity**

     There could be no monetary award for negligence and false imprisonment against the Secretary of the Department of Correction, the chairman and members of the Parole Commission, a parole case analyst, and the Superintendent of the Rowan County Prison Unit in their official capacities because the award would in essence be against the State, and the State has not consented to such a suit.

2. **Public Officers § 9— parole case analyst—public employee—liability for negligence, false imprisonment and willful conduct**

     A parole case analyst is a public employee rather than a public official and thus may be individually liable for negligence and false imprisonment. Furthermore, the analyst may be liable for willful and deliberate conduct regardless of her status as an employee or an official.

**3. Public Officers § 9— public officials—immunity from individual liability**

The Secretary of the Department of Correction and the chairman and members of the Parole Commission are public officials and are immune from individual liability for allegedly negligent acts which are within the scope of their authority.

**4. Constitutional Law § 17— civil rights action—insufficiency of complaint**

The trial court properly dismissed plaintiff's complaint in a 42 U.S.C. sec. 1983 action against the Secretary of the Department of Correction, the chairman and members of the Parole Commission, and the superintendent of his prison unit based upon failure to determine plaintiff's eligibility for early release on parole, since plaintiff failed to show that defendants' actions which allegedly deprived him of a constitutional right constituted more than mere negligence. Furthermore, plaintiff's section 1983 complaint against a parole case analyst based on her alleged willful and deliberate misrepresentation to him of the Parole Commission's actions regarding his parole was properly dismissed because plaintiff failed to show deprivation of a constitutional right through actions of the case analyst.

APPEAL by plaintiff from *Stephens (Donald W.), Judge.* Judgment entered 7 January 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 27 September 1988.

In this case plaintiff Randy Harwood seeks declaratory relief and damages for false imprisonment, negligence, and violation of his state and federal constitutional rights under 42 U.S.C. section 1983. On 27 August 1986 plaintiff, then an inmate in the custody of the North Carolina Department of Correction, petitioned for a writ of habeas corpus in the Superior Court of Rowan County. Plaintiff alleged he was entitled to be considered for release on parole under G.S. 15A-1371(f) on 12 June 1986, and that the Parole Commission had not met to determine his eligibility for early release. On 22 October 1986 the court found the Parole Commission failed to follow the mandates of the statute and that plaintiff's incarceration after 13 June 1986 was unlawful. The trial court ordered the Parole Commission to expedite plaintiff's release on parole. Plaintiff was released from custody on 21 November 1986.

Here, the plaintiff is suing the Secretary of the Department of Correction, the Chairman of the Parole Commission, the members of the Parole Commission, and a parole case analyst, personally and in their official capacities. Also named as a defendant is the Superintendent of the Rowan County Prison Unit, in his official capacity only. Defendants filed a motion to dismiss on

the grounds that the court lacked subject matter jurisdiction, lacked personal jurisdiction, that the complaint failed to state a claim upon which relief can be granted, that the action was barred by sovereign immunity and the Eleventh Amendment, and that the defendants are entitled to quasi-judicial immunity. Defendants' motion to dismiss was granted and plaintiff appeals.

*North Carolina Prisoner Legal Services, by Michael S. Hamden, for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jacob L. Safron, for defendant-appellees.*

EAGLES, Judge.

Plaintiff's sole assignment of error is that the trial court erred in granting defendants' motion to dismiss. For the reasons stated below, we affirm in part and reverse in part.

The trial court's order did not state the basis on which it granted defendants' motion to dismiss. The parties in their briefs have treated the issue as whether plaintiff's complaint states a claim upon which relief can be granted. For the purpose of passing upon a motion to dismiss for failure to state a claim upon which relief can be granted, G.S. 1A-1, Rule 12(b)(6), the factual allegations of the complaint are deemed admitted. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970). Where it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim, dismissal for failure to state a claim upon which relief can be granted is proper. *Alamance County v. N.C. Dept. of Human Resources,* 58 N.C. App. 748, 750, 294 S.E. 2d 377, 378 (1982).

Plaintiff has alleged both a federal claim for relief and state claims for relief. We will discuss those claims separately.

I

State Law Claims
(Negligence and False Imprisonment)

[1] Plaintiff has alleged he was damaged by the defendants' negligence and that he was falsely imprisoned. These are both grounded in our state's common law. Defendants claim the plaintiff is entitled to no relief from them in this action because they

are immune from suit, both in their official capacities and individually.

The doctrine of sovereign immunity—that the State cannot be sued in its own courts, or in any other, without its consent—is firmly established in the common law of North Carolina. *Orange County v. Heath,* 282 N.C. 292, 192 S.E. 2d 308 (1972); *Steelman v. City of New Bern,* 279 N.C. 589, 184 S.E. 2d 239 (1971); *Pharr v. Garibaldi,* 252 N.C. 803, 115 S.E. 2d 18 (1960); *Schloss v. Highway Commission,* 230 N.C. 489, 53 S.E. 2d 517 (1949). Our Supreme Court has also established that when an action is brought against individual state officers or employees in their official capacities, the action is one against the State for the purposes of applying the doctrine of sovereign immunity. *Insurance Co. v. Unemployment Compensation Comm.,* 217 N.C. 495, 8 S.E. 2d 619 (1940). We hold here that there can be no monetary award against any named defendants in his or her official capacity, because the award would in essence be against the State and the State has not consented to suit in this forum. *Truesdale v. University of North Carolina,* 91 N.C. App. 186, 371 S.E. 2d 503 (1988). *See generally Watson v. N.C. Dept. of Correction,* 47 N.C. App. 718, 268 S.E. 2d 546 (1980) (action brought in Industrial Commission under Tort Claims Act by inmates' executors against department for negligence of its employees); *Ivey v. N.C. Prison Dept.,* 252 N.C. 615, 114 S.E. 2d 812 (1960) (wrongful death action brought in Industrial Commission under Tort Claims Act for death of inmate caused by prison employee's negligence). Therefore, dismissal of plaintiff's state law claims for monetary damages against all defendants in their official capacities was correct and we affirm that part of the trial court's order.

Defendants other than Superintendent Bame are also sued individually. Our courts have made the distinction between public employees and public officers or officials in determining the question of personal liability for negligent acts. "[A] 'public official' is immune from liability for 'mere negligence' in the performance of [his] duties, but he is not shielded from liability if his alleged actions were 'corrupt or malicious' [or] if 'he acted outside of and beyond the scope of his duties.'" *Wiggins v. City of Monroe,* 73 N.C. App. 44, 49, 326 S.E. 2d 39, 43 (1985). However, "[a]n employee of a governmental agency . . . is personally liable for his negligence in the performance of his duties proximately caus-

ing injury" to another. *Givens v. Sellars*, 273 N.C. 44, 49, 159 S.E. 2d 530, 534-35 (1968).

[2]  Plaintiff's only allegations that rise above mere negligence are directed at the parole case analyst. Plaintiff's allegations against all other defendants allege negligence only. Because plaintiff has alleged that the parole case analyst willfully and deliberately denied his rights, she may be individually liable for those actions, regardless of her status as an employee or official. Further, the claim of negligence on the part of the parole case analyst should not have been dismissed. There is no statutory provision for the creation of the analyst's position, and the record is devoid of any sovereign power she exercises. Therefore, the analyst is a public employee as opposed to an official. Accordingly, the trial court's order dismissing plaintiff's claim against the parole case analyst on grounds of negligence, willful and deliberate conduct, and false imprisonment is reversed.

[3]  The individual liability of the other defendants depends upon whether they are public officers or officials rather than employees.

> To constitute an office, as distinguished from employment, it is essential that the position must have been created by the constitution or statutes of the sovereignty. . . . An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of the sovereign power.

*State v. Hord*, 264 N.C. 149, 155, 141 S.E. 2d 241, 245 (1965).

Defendant Johnson was duly appointed by the Governor to serve as Secretary of the North Carolina Department of Correction. The Secretary is the head of the Department. G.S. 143B-263. The Department is vested with the duty to provide "custody, supervision, and treatment" of criminal offenders. G.S. 143B-261. Clearly Johnson, as Secretary of the Department of Correction, exercises some portion of the sovereign power of the State. Accordingly, defendant Johnson is a public official. We hold that the complaint alleging mere negligence fails to state a claim upon which relief can be granted against Johnson.

Defendant Briggs was the Chairman of the North Carolina Parole Commission. Defendants Colombo, Garrett, Ledbetter, and

Stanback were members of the North Carolina Parole Commission. All were appointed by the Governor. G.S. 143B-267. The Parole Commission has full authority to release inmates and to adopt rules and regulations for determining suitability for parole. G.S. 143B-266. Like the Department Secretary, the members and chairman of the Parole Commission exercise some portion of the sovereign power of the State. Accordingly, they too are public officials, immune from suit for allegedly negligent acts which are within the scope of their authority. We hold plaintiff has failed to state a claim on grounds of negligence and false imprisonment upon which relief can be granted against the chairman and members of the Parole Commission.

## II

### Federal Law Claims

### (42 U.S.C. Section 1983)

[4] Under 42 U.S.C. section 1983, a plaintiff can recover for injuries proximately caused by persons acting under color of state law when their actions deprive the plaintiff of any rights, privileges, or immunities secured by the United States Constitution or other federal law. 42 U.S.C. section 1983 (1979). Section 1983 creates no substantive rights; it only provides for access to the courts to vindicate those rights already guaranteed by the Constitution or other federal statutes. *See, e.g., Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 61 L.Ed. 2d 433, 442, 99 S.Ct. 2689 (1979). Although this is a federally created cause of action, state courts may exercise concurrent subject matter jurisdiction over claims arising under section 1983. *Maine v. Thiboutot,* 448 U.S. 1, 3 n. 1, 65 L.Ed. 2d 555, 100 S.Ct. 2502 (1980); *Snuggs v. Stanly County Dept. of Public Health,* 310 N.C. 739, 314 S.E. 2d 528 (1984). Here plaintiff alleges that by failing to review his case for parole eligibility the defendants (the Secretary of the Department of Correction and the chairman and members of the Parole Commission) abridged his constitutional rights to due process. Plaintiff also alleges the parole case analyst willfully and deliberately misrepresented to him the Commission's actions regarding his parole. It is unclear on what grounds plaintiff is alleging the Superintendent of his prison unit violated his due process rights; it appears to be based on his false imprisonment claim.

To prevail in a 1983 action the plaintiff must show he was deprived of a life, liberty or property interest which was protected by the Constitution or federal law, and that the defendants were responsible for that deprivation through actions consisting of something more than "mere negligence." *Davidson v. Cannon*, 474 U.S. 344, 88 L.Ed. 2d 677, 106 S.Ct. 668 (1986); *Daniels v. Williams*, 474 U.S. 327, 88 L.Ed. 2d 662, 106 S.Ct. 662 (1986). Here, plaintiff has failed to allege that defendants' (other than the parole case analyst) actions, which allegedly deprived him of a constitutionally protected right, constituted more than mere negligence. For this reason, plaintiff's claim under section 1983 against the Secretary of the Department, the Chairman and Members of the Parole Commission, and the Superintendent of his prison unit was properly dismissed. The plaintiff has alleged that the parole case analyst willfully and deliberately misrepresented to him the actions taken by the Parole Commission. The actions of the parole case analyst did not deprive plaintiff of a constitutional right. The case analyst had no authority to grant or deny parole; she was merely the person through whom the Commission communicated to prisoners. Even taking plaintiff's allegations as true, as we must on a Rule 12(b)(6) motion, he has not shown deprivation of a constitutional right through the actions of the parole case analyst. Therefore, plaintiff's section 1983 claim against the analyst, Ms. Williams, was properly dismissed.

For the reasons discussed, the portion of the trial court's order which dismissed the state law claims against the parole case analyst Gwen Williams is reversed and remanded. In all other respects the order of the trial court is affirmed.

Affirmed in part; reversed and remanded in part.

Judges PARKER and PHILLIPS concur.