DAVID CHARLES RADFORD HARE v. PATRICIA BUTLER; JEANETTE MURRAY; AND BOB PERSON, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS SOCIAL WORKERS OF THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; PESULA FAULKNER, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PROTECTIVE SERVICES INVESTIGATION SUPERVISOR FOR THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; KATHERINE WILSON, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PROGRAM ADMINISTRATOR FOR CHILD AND FAMILY SERVICES OF THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; MERLENE WALL, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS ASSISTANT DIRECTOR OF THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; EDWIN H. CHAPIN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; MECKLENBURG COUNTY DEPARTMENT OF SOCIAL SERVICES; MECKLENBURG COUNTY, NORTH CAROLINA; AND CAROLE LYNN PETERSON-HARE

No. 8926SC965

(Filed 7 August 1990)

1. **Appeal and Error § 117 (NCI4th)— judgment not final as to all claims and parties—right of immediate appeal**

A judgment dismissing part of plaintiff's claims for failure to state claims for relief was immediately appealable because

plaintiff has a substantial right to have all of his claims tried at the same time before the same judge and jury.

**Am Jur 2d, Appeal and Error §§ 53, 54.**

2. **Counties § 9.1 (NCI3d)— liability for torts of employees — purchase of liability insurance**

Traditionally, a county was immune from liability for torts committed by an employee carrying out a governmental function but was liable for torts committed by an employee engaged in a proprietary function. However, N.C.G.S. § 153A-435(a) authorizes counties to waive the defense of immunity for negligent actions that occur in the performance of governmental functions through the purchase of liability insurance.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 38, 39.**

3. **Counties § 9.1 (NCI3d)— claims against county and DSS employees — official capacities — failure to allege liability insurance**

Claims against a county, the county DSS and employees of the DSS in their official capacities for negligence in investigating allegations against defendant of child sexual abuse involved a governmental function and were properly dismissed where the complaint failed to allege that the county or the DSS had purchased liability insurance.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 38, 39.**

4. **Public Officers § 9 (NCI3d)— DSS employees — personal liability for negligence**

The Protective Services Investigation Supervisor for a county DSS, the Program Administrator for DSS, and the Assistant Director of DSS are public employees rather than public officers and may be held personally liable for the negligent performance of their duties which proximately caused foreseeable injury to plaintiff.

**Am Jur 2d, Public Officers and Employees §§ 358, 359.**

5. **Public Officers § 9 (NCI3d) — Director of DSS — public officer — immunity**

The Director of a county DSS is a public officer and is immune from liability in his individual capacity for alleged negligence in failing properly to train and supervise DSS employees.

**Am Jur 2d, Public Officers and Employees § 377.**

6. **State § 4.1 (NCI3d) — sovereign immunity — action against government personnel**

An action against government personnel in their official capacities is one against the State for the purpose of applying the doctrine of sovereign immunity.

**Am Jur 2d, Public Officers and Employees §§ 358-360, 372.**

7. **Public Officers § 9 (NCI3d) — public employees and officers — liability for acts outside duties — punitive damages — statement of claim**

Both public employees and public officers are liable for damages proximately caused by actions which are corrupt or malicious or outside and beyond the scope of their duties. Therefore, plaintiff's complaint was sufficient to allege claims for punitive damages against the Director and various employees of a county DSS in their individual capacities where it alleged that the actions of all defendants with respect to an investigation of allegations against defendant of child abuse were "intentional, willful, wrongful, deliberate and malicious."

**Am Jur 2d, Public Officers and Employees §§ 364, 373.**

APPEAL by plaintiff from an order entered on 6 July 1989 by *Judge Frank Snepp, Jr.*, in MECKLENBURG County Superior Court. Heard in the Court of Appeals 14 March 1990.

We must decide here if plaintiff's claim is legally sufficient to state a cause of action for negligence against a County department of social services, the County itself and four employees of the agency for alleged negligent and intentional actions arising out of their failure to properly train and supervise three department social workers who previously investigated allegations of child sexual abuse against plaintiff. Furthermore, plaintiff seeks punitive damages for malicious acts against all seven employees of the agen-

cy, the agency itself and the County. We note at the outset that the 12(b)(6) motion on appeal here was not converted at the motions hearing into one for summary judgment; therefore, we offer no opinion on the meritorious nature of plaintiff's claim. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b) (1983).

A 12(b)(6) motion to dismiss is proper when the complaint on its face reveals that no law supports the plaintiff's claim, that some fact essential to the plaintiff's claim is missing or when some fact disclosed in the complaint defeats the plaintiff's claim. *Scholoss Outdoor Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 272 S.E.2d 920 (1980). Moreover, under a 12(b)(6) motion the factual allegations of plaintiff's complaint are assumed to be true.

According to plaintiff's complaint, the facts are as follows: David Hare, the plaintiff, and Carole Lynn Peterson-Hare were married in August 1978. Two children, Jonathan and Jeremy, were born of the marriage. In the spring of 1985, the Hares began experiencing marital difficulties. In December 1985 Ms. Hare, in a statement to a physician, accused Mr. Hare of sexually abusing Jonathan. She also reported this allegation to Patricia Butler, a social worker at the Mecklenburg County Department of Social Services ("the DSS"). On 10 December 1985, Butler interviewed Jonathan in the presence of his mother. At that time Ms. Hare admitted that "she felt that maybe the whole matter was just in her mind and that if the marriage could be worked out that everything would be okay." On 11 December, Ms. Butler videotaped an interview with Jonathan. The next day a Mecklenburg County police officer interviewed Ms. Hare and Jonathan with Ms. Butler present. In this interview Jonathan allegedly described a "father-son neighborhood sex ring." Ms. Butler contacted Jonathan's physician, who informed her that he had not observed any unusual behavior as regards Mr. Hare and Jonathan.

The Mecklenburg County Police Department obtained arrest warrants for plaintiff. After being informed of the warrants, plaintiff turned himself in. He was incarcerated for four days. The warrants charged plaintiff with first degree sexual offense in violation of N.C. Gen. Stat. § 14-27.4 (1986) and taking indecent liberties with children in violation of N.C. Gen. Stat. § 14-202.1 (1986).

On 17 December 1985, Ms. Hare had Jonathan and Jeremy evaluated by another physician. The physician found no evidence of sexually related abuse or disease and recommended only family

counseling. On 30 December, Ms. Butler and Ms. Hare had their last recorded interview and the DSS closed its file on the matter. The Department never filed a juvenile petition alleging that the child was abused.

Mr. Hare was brought to trial on 27 January 1987. He entered a plea of not guilty. In preparation for his trial, plaintiff's attorney sought a copy of the videotape Ms. Butler had made of her interview with Jonathan. Before the videotape was turned over, however, Ms. Butler destroyed it. At the trial, the State presented its evidence including the testimony of the child Jonathan Hare. Plaintiff's attorney made a motion to dismiss at the close of the State's evidence. After commenting in open court that "the victim in this case was David Hare," the trial judge dismissed the State's case for insufficient evidence.

On 22 December 1988, plaintiff filed a complaint alleging various causes of action against his ex-wife, seven personnel of the DSS, the DSS itself and Mecklenburg County. Specifically pertinent to this appeal, plaintiff alleges negligence against defendants Mecklenburg County, the Mecklenburg County DSS, Edwin Chapin, Merlene Wall, Katherine Wilson and Pesula Faulkner for failing to properly supervise and adequately train three social workers, Patricia Butler, Jeanette Murray and Bob Person, who were directly involved in the child sexual abuse investigation. Plaintiff's complaint does not allege mere negligence against Ms. Butler, Ms. Murray or Mr. Person. However, plaintiff's complaint does seek to recover punitive damages against all defendants on the theory that their conduct was intentional, willful, wrongful, deliberate, malicious and evidenced a reckless disregard of his rights. The agency staff members were sued both individually and in their official capacities. Ms. Hare is not a party to this appeal.

Plaintiff alleges that as a direct and proximate cause of defendants' negligent and willful conduct he has suffered anxiety and distress caused by the separation from his children, and embarrassment and humiliation in his community caused by the investigation and false accusations. He also claims damages due to the time he spent away from his work defending himself against the charges. He seeks compensation in excess of $10,000 and punitive damages.

Prior to filing an answer, defendants filed motions to dismiss all claims pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1983). Following a hearing, the court denied defendants' motions to dismiss

with respect to all claims except the claims for negligence and punitive damages. From the portion of the order dismissing these claims, plaintiff appeals.

*James, McElroy & Diehl, by John S. Arrowood, for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by Wayne P. Huckel and Michelle C. Landers; Golding, Meekins, Holden, Cosper & Stiles, by Fred C. Meekins and Martha R. Holmes; and Hedrick, Eatman, Gardner & Kincheloe, by John F. Morris, for defendant appellees.*

ARNOLD, Judge.

[1] Initially, we must decide if this appeal is interlocutory and therefore inappropriate at this time. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (1983). The judgment below is not final as to all claims and parties. However, we find that plaintiff has a substantial right to have all of his claims for relief tried at the same time before the same judge and jury, and therefore allow this appeal. *Shelton v. Fairley*, 86 N.C. App. 147, 356 S.E.2d 917, *cert. denied*, 320 N.C. 634, 360 S.E.2d 94 (1987); *see Nance v. Robertson*, 91 N.C. App. 121, 370 S.E.2d 283, *disc. rev. denied*, 323 N.C. 477, 373 S.E.2d 865 (1988).

[2] A county's liability for the torts of its officers and employees depends on whether the activity involved is "governmental" or "proprietary" in nature. Traditionally, a county was immune from torts committed by an employee carrying out a governmental function, but was liable for torts committed while engaged in a proprietary function. The North Carolina Supreme Court has distinguished between the two as follows:

> Any activity . . . which is discretionary, political, legislative or public in nature and performed for the public good in behalf of the State, rather than to itself, comes within the class of governmental functions. When, however, the activity is commercial or chiefly for the private advantage of the compact community, it is private or proprietary.

*Millar v. Town of Wilson*, 222 N.C. 340, 341, 23 S.E.2d 42, 44 (1942). Often making this distinction proves difficult. Certain activities are clearly governmental such as law enforcement operations and the operation of jails, public libraries, county fire departments, public parks and city garbage services. *See County Government*

**HARE v. BUTLER**

[99 N.C. App. 693 (1990)]

*in North Carolina*, 40-41 (A. F. Bell II, 3d ed. 1989). Non-traditional governmental activities such as the operation of a golf course or an airport are usually characterized as proprietary functions. Charging a substantial fee to the extent that a profit is made is strong evidence that the activity is proprietary. *Id.* at 41-42.

Investigations by a social service agency of allegations of child sexual abuse are in the nature of governmental functions. Such activities are performed for the public good. Thus a county normally would be immune from liability for injuries caused by negligent social services employees working in the course of their duties. The General Assembly, however, has authorized counties through a statute to waive the defense of immunity for negligent actions that occur in the performance of governmental functions through the purchase of liability insurance. N.C. Gen. Stat. § 153A-435(a) (1987). Under this law, Mecklenburg County; the DSS, as a County agency; and the County employees may be liable for negligent or intentional actions carried out in the performance of their social services duties. *McNeill v. Durham County ABC Board*, 87 N.C. App. 50, 359 S.E.2d 500 (1987), *modified on other ground*, 322 N.C. 425, 368 S.E.2d 619, *reh'g denied*, 322 N.C. 838, 371 S.E.2d 278 (1988).

[3] Nevertheless, in the case *sub judice* dismissal of the negligence claim against Mecklenburg County was proper because plaintiff failed to allege negligence against the County in his complaint. Further, plaintiff's complaint does not allege or provide any evidence that Mecklenburg County or the DSS has purchased liability insurance, thus failing to show that these entities or their employees have waived governmental immunity. *Baucom's Nursery Co. v. Mecklenburg County*, 89 N.C. App. 542, 366 S.E.2d 558, *review denied*, 322 N.C. 834, 371 S.E.2d 274 (1988). We therefore uphold the court order dismissing the negligence claims against the County, the DSS and Ms. Faulkner, Ms. Wilson, Ms. Wall and Mr. Chapin for any acts committed in their official capacities. *See id.* Again, we note that plaintiff's complaint did not allege negligence against the three social workers, Ms. Butler, Ms. Murray and Mr. Person.

Defendants, Ms. Faulkner, Ms. Wilson, Ms. Wall and Mr. Chapin, however, have also been sued individually for negligence. When a governmental worker is sued individually, or in his or her personal capacity, our courts distinguish between public employees and public officers in determining negligence liability. *Harwood*

*v. Johnson*, 92 N.C. App. 306, 309, 374 S.E.2d 401, 404 (1988). A public officer sued individually is normally immune from liability for "mere negligence." *Id.* An employee, on the other hand, is personally liable for negligence in the performance of his or her duties proximately causing an injury. *Id.; Givens v. Sellars*, 273 N.C. 44, 159 S.E.2d 530 (1968).

A public officer is someone whose position is created by the constitution or statutes of the sovereign. *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965). "An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of sovereign power." *Id.* Officers exercise a certain amount of discretion, while employees perform ministerial duties. Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are "absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Jensen v. S.C. Dept. of Social Services*, 297 S.C. 323, 377 S.E.2d 102 (1988).

[4] In this case, Ms. Faulkner is the Protective Services Investigation Supervisor for the DSS; Ms. Wilson, the Program Administrator for Child and Family Services for the DSS; and Ms. Wall, the Assistant Director of the DSS. These three defendants are employees of the County agency, not public officers. It does not appear that their positions are created by statute nor that they exercise any sovereign power. *See Harwood*, 92 N.C. App. 306, 374 S.E.2d 401. Therefore, Ms. Faulkner, Ms. Wilson and Ms. Wall may be personally liable for the negligent performance of their duties that proximately caused foreseeable injury to plaintiff, and the claims against these three individuals were improperly dismissed.

[5] Mr. Chapin's position as director of the County DSS is created by statute. At least some of his duties are imposed by law and as director he exercises a substantial amount of discretionary authority. *See* N.C. Gen. Stat. § 108A-12 (1988). He is a public officer, and therefore normally immune from liability for negligent conduct. Duties of a public officer, however, are classified as either discretionary or ministerial. Public officers are absolutely immune from liability for discretionary acts when taken without bad faith or malicious intent. *Pigott v. City of Wilmington*, 50 N.C. App. 401, 402, 273 S.E.2d 752, 753-54, *cert. denied*, 303 N.C. 181, 280 S.E.2d 401 (1981). Plaintiff here alleges Chapin was negligent for his part

in failing to properly train and supervise agency employees. We believe such activities are discretionary in nature and hold therefore that Mr. Chapin is immune from the negligence claim brought against him in his individual capacity.

[6] Plaintiff also contends that the trial court erred in dismissing his claim for punitive damages against the defendants. Plaintiff now concedes that the trial court properly dismissed the punitive damages claim against Mecklenburg County and the DSS. *See Long v. City of Charlotte*, 306 N.C. 187, 208, 293 S.E.2d 101, 115 (1982). Furthermore, an action against government personnel in their official capacities is one against the State for the purpose of applying the doctrine of sovereign immunity. *Harwood*, 92 N.C. App. at 309, 374 S.E.2d at 404. Dismissal of the punitive damages claim against the personnel in their official capacities was proper.

[7] The trial court, however, erroneously dismissed the punitive damages claims against the seven agency personnel in their individual capacities. Punitive damages are awarded where a defendant's conduct reaches a level higher than mere negligence and amounts to willful, wanton, malicious, or reckless indifference to foreseeable consequences. *Nance*, 91 N.C. at 123, 370 S.E.2d at 284. While personal liability for mere negligence turns on the question of whether the individual is a public officer or an employee, this distinction is immaterial if the individual's actions are "corrupt or malicious" or are "outside and beyond the scope of his duties." *Harwood*, at 309, 374 S.E.2d at 404. Both employees and public officers are liable for damages proximately caused by such actions. In paragraph 130 of his complaint, plaintiff alleges that the conduct of all defendants was "intentional, willful, wrongful, deliberate and malicious." We hold the complaint sufficiently states a cause of action to survive a 12(b)(6) motion against defendants Ms. Butler, Ms. Murray, Mr. Person, Mr. Chapin, Ms. Wall, Ms. Wilson and Ms. Faulkner personally for any malicious acts that proximately caused the plaintiff foreseeable injury. This claim would allow for the recovery of punitive damages. The trial court's order concerning this aspect of the complaint was improperly dismissed.

In summary the Order is reversed as against Mr. Chapin in his individual capacity for any malicious actions directed at the plaintiff and for possible punitive damages related to that claim. The Order is reversed against Ms. Faulkner, Ms. Wilson and Ms. Wall in their individual capacities for any negligent or malicious

acts that caused plaintiff injury and for punitive damages for any proven malicious behavior. The Order also is reversed against Ms. Butler, Ms. Murray and Mr. Person for malicious acts that caused plaintiff injury and for punitive damages related to the claim of malicious behavior.

The remainder of the Order is affirmed.

Judges LEWIS and DUNCAN concur.