BRETT BRADLEY REID, PLAINTIFF v. J. E. "ED" ROBERTS, DANNY TOLAR, KEN PUTNAM, RON BRAZIL, DANNY BRIDGES, JACK WOODSON, BOBBY LANGFORD, BILL ELLER, BILLIE RAY, HOWARD LUNSFORD, BOBBY HOLLYFIELD, GORDON KING, PAUL LANGFORD, HAROLD ROBERTS, GERALD FISHER, W. E. HAMLIN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANTS

No. 9228SC448

(Filed 5 October 1993)

1. **Public Officers and Employees § 35 (NCI4th)— DOT district engineers—public officers—no individual liability for negligence**

    Plaintiff's complaint did not state a claim against three DOT district engineers in their individual capacities for permitting foliage to obscure a stop sign and cause an accident, since defendants were public officers rather than employees; they could not be held individually liable for mere negligence; and plaintiff did not allege that the actions of defendants were corrupt, malicious, outside of and beyond the scope of their duties, in bad faith, or willful and deliberate.

    Am Jur 2d, Public Officers and Employees §§ 358 et seq., 375.

2. **Public Officers and Employees § 35 (NCI4th)— DOT maintenance employees—foliage obscuring stop sign—no individual liability**

    Plaintiff's complaint failed to state a claim against DOT highway maintenance employees in their individual capacities for permitting foliage to obscure a stop sign and cause an accident since the law does not impose a duty on individual employees of the DOT extending to the general public beyond the duty to use due care in the performance of specific tasks which they have undertaken, and plaintiff's complaint failed to allege negligent acts or omissions by defendant employees while they were involved in a particular task.

    Am Jur 2d, Public Officers and Employees §§ 358 et seq., 375.

Appeal by plaintiff from order entered 31 January 1992 by Judge C. Walter Allen in Buncombe County Superior Court. Heard in the Court of Appeals 12 April 1993.

Plaintiff filed a complaint alleging negligence. Defendants moved to dismiss. Plaintiff voluntarily dismissed his claim against defendants "in their official capacities as employees of the North Carolina Department of Transportation." The trial court dismissed plaintiff's action against defendants in their individual capacities pursuant to N.C.R. Civ. P. 12(b)(6). From this order plaintiff appeals.

*Coward, Hicks, Siler & Harper, P.A., by Richard B. Harper; and Whalen, Hay, Pitts, Hugenschmidt, Master, Devereux & Belser, P.A., by Sean P. Devereux, for plaintiff appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Charlie C. Walker, for defendant appellees.*

ARNOLD, Chief Judge.

The sole issue is whether or not plaintiff's complaint states a cause of action for negligence against sixteen state employees in their individual capacities. For the reasons stated below, we affirm.

The test on a Rule 12(b)(6) motion is whether or not the complaint is legally sufficient. *Tennessee v. Environmental Management Comm'n*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986). In ruling upon such motion, the trial court must view the allegations of the complaint as admitted and on that basis must determine as a matter of law whether or not the allegations state a claim for which relief may be granted. *Id.*

Plaintiff alleged the following in his complaint: On 10 June 1988 at approximately 6:00 p.m., plaintiff was driving his motorcycle on River Road when he collided with a truck at the intersection of River Road and Woodfin Avenue (the intersection), causing him severe injuries. The man driving the truck did not see the stop sign on Woodfin Avenue because it was obscured by foliage. Weeds had grown up from the ground at the base of the stop sign, and branches from one or more trees or bushes were growing beside and over the stop sign. The Department of Transportation (DOT) had a duty to maintain the intersection. At the time of the accident, defendants were employed by DOT and acting within the course and scope of their employment which included the duty to maintain the intersection. Specifically, they had a duty to keep foliage from obscuring the stop sign on Woodfin Avenue at the intersection. Defendants had actual or constructive notice of the dangerous con-

dition of the intersection. Defendants were negligent in maintaining the intersection and as a result plaintiff suffered severe injuries.

Plaintiff further alleged the following: Defendants owed a duty to plaintiff as a member of the motoring public to keep the shrubbery trimmed around the stop sign and/or place the sign where there was appropriate visibility. Defendants' breach of this duty caused plaintiff's injuries.

[1] The defendants who are public officers, rather than employees, cannot be held individually liable for mere negligence.

> When a governmental worker is sued individually, or in his or her personal capacity, our courts distinguish between public employees and public officers in determining negligence liability. A public officer sued individually is normally immune from liability for "mere negligence." An employee, on the other hand, is personally liable for negligence in the performance of his or her duties proximately causing an injury.

> A public officer is someone whose position is created by the constitution or statutes of the sovereign. "An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of sovereign power." Officers exercise a certain amount of discretion, while employees perform ministerial duties. Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are "absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts."

*Hare v. Butler*, 99 N.C. App. 693, 699-700, 394 S.E.2d 231, 236 (citations omitted), *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

The immunity afforded to public officers is qualified. A public officer is shielded from liability unless he engaged in discretionary actions which were allegedly: (1) corrupt, *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985); (2) malicious, *id.*; (3) outside of and beyond the scope of his duties, *id.*; (4) in bad faith, *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236; or (5) willful and deliberate, *Harwood v. Johnson*, 92 N.C. App. 306, 310, 374 S.E.2d 401, 404 (1988).

REID v. ROBERTS

[112 N.C. App. 222 (1993)]

Plaintiff alleged that defendant J. E. "Ed" Roberts was district engineer and that he was responsible for (1) "insuring the safety of the motoring public at all roadway intersections within the district," and (2) "devising and enforcing a system for response to reports of obstructed signs or other malfunctioning traffic control devices." Plaintiff further alleged that Roberts's duties included (1) "overall supervision of and control over the placement, operation and maintenance of all traffic control devices," and (2) "maintenance of safe and proper sight distances at all roadway intersections within the district." Accepting these allegations as true, it appears that Roberts exercises some portion of the sovereign power. Accordingly, we hold that Roberts is a public officer immune from liability for mere negligence.

Plaintiff alleged that defendant Danny Tolar was assistant district maintenance engineer and then later district maintenance engineer and that he was also responsible for "devising and enforcing a system for response to reports of obstructed signs or other malfunctioning traffic control devices." Plaintiff further alleged that Tolar's duties included "supervision of and control over the placement, operation and maintenance of all traffic control devices as well as maintenance of safe and proper sight distances at all roadway intersections within the district." Taking these allegations as true, it appears that Tolar exercises some portion of the sovereign power. Accordingly, we hold that Tolar is a public officer immune from liability for mere negligence.

Plaintiff alleged that Roberts and Tolar acted with gross negligence in failing to: (1) "establish a regular schedule of inspection and maintenance of stop signs"; (2) "maintain a system of recording and responding to reports of an obstructed stop sign"; (3) "take the necessary steps, despite notice of its condition, to restore the stop sign on Woodfin Avenue at River Road to a safe condition"; and (4) "adequately supervise those employees responsible for maintaining stop signs free from obstruction." Plaintiff did not allege that the actions of Roberts and Tolar were corrupt, malicious, outside of and beyond the scope of their duties, in bad faith, or willful and deliberate. Even had he, we would reject such characterizations based on these allegations. Therefore, plaintiff's complaint is not legally sufficient to state a claim against Roberts or Tolar.

Plaintiff alleged that defendant Ken Putnam was district traffic engineer and his duties included: (1) "the placement, operation and maintenance of all traffic control devices as well as establishment and maintenance of safe and proper 'sight distances' at all roadway intersections within the division"; (2) "supervision of those [DOT] employees responsible for maintenance of all stop signs free from obstruction and and [sic] maintenance of a safe and proper 'sight distance.'" Accepting these allegations as true, it appears that Putnam exercises some portion of the sovereign power. Accordingly, we hold that Putnam is a public officer immune from liability for mere negligence.

Plaintiff alleged that Putnam was negligent in failing to: (1) maintain the stop sign; (2) take steps to correct the obstructed stop sign after he received notice that it created a dangerous condition; (3) adequately supervise his subordinates in their maintenance of the intersection; (4) implement DOT regulations concerning the maintenance of traffic control devices within his district. Plaintiff did not allege that Putnam's actions were corrupt, malicious, outside of and beyond the scope of his duties, in bad faith, or willful and deliberate. Even had he, we would reject such characterizations based on these allegations. Therefore, plaintiff's complaint is not legally sufficient to state a claim against Putnam.

[2] As for the remaining defendants, even if we treat them as public employees, the claims against them were properly dismissed. The law provides that a public employee may be sued in his individual capacity for negligence in the performance of his or her duties, *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236, but this provision assumes that a plaintiff can establish all the requisite elements of a negligence claim. One such requisite element is a duty, imposed by law, which the defendant owes to the plaintiff. *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5, *disc. review denied*, 322 N.C. 834, 371 S.E.2d 275 (1988). The question here is does the law impose a duty on the individual *employees* of the DOT, that extends to the general public, beyond the duty to use due care in the performance of the specific tasks they undertake. We hold that it does not.

In his complaint, plaintiff sets forth defendants' job descriptions, every one of which includes some sort of duty relating to highway maintenance. Plaintiff argues that these duties, which defendants owe to DOT, create a duty which extends to plaintiff

to keep traffic signals free from obstructions. Plaintiff then argues that failure to remove the obstructions from in front of the stop sign constitutes a negligent omission for which each defendant is liable. We disagree that the individual employees owed plaintiff a duty.

The duty owing to the public to maintain highways falls upon the DOT, N.C. Gen. Stat. § 143B-346 (1990), not the individual DOT employees. It is true that public employees have been subjected to liability for their own negligence. In those situations, however, the employees directly participated in the events which caused the plaintiffs' injuries. *See, e.g., Wirth v. Bracey*, 258 N.C. 505, 128 S.E.2d 810 (1963) (negligent operation of patrol car); *Miller v. Jones*, 224 N.C. 783, 32 S.E.2d 594 (1945) (negligence in road work). In those cases, the negligent acts or omissions were intertwined with the specific tasks the employees were performing. We hold that because defendants here were not involved in a particular task, no duty to plaintiff arose, and they should not be exposed to liability. The trial court, therefore, properly dismissed the complaint for failure to state a claim upon which relief may be granted.

Plaintiff's reliance on *Phillips v. North Carolina Dept. of Transp.*, 80 N.C. App. 135, 341 S.E.2d 339 (1986), is misplaced. Plaintiff cites this case for the proposition that each defendant owed him a duty to maintain safe conditions on the highway, but *Phillips* establishes only that the DOT owed plaintiff that duty.

Affirmed.

Judges COZORT and LEWIS concur.