ROBERT L. PHARR, Plaintiff v. STEVEN W. WORLEY, and THE CHARLOTTE MECKLENBURG BOARD OF EDUCATION, Defendants

No. COA96-68

(Filed 7 January 1997)

1. **Appeal and Error § 156 (NCI4th)— governmental/proprietary function—issue not raised at trial**

The plaintiff's governmental/proprietary function argument was dismissed where plaintiff did not raise the issue in the trial court. N.C. R. App. P. 10(b)(1).

**Am Jur 2d, Appellate Review § 614.**

2. **Counties § 81 (NCI4th)— board of education—not risk pool participant—no waiver of sovereign immunity**

A county board of education was not and could not be a local government risk pool participant so as to waive its sovereign immunity for negligence in an automobile accident by a security officer it employed.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 524, 633, 634.**

3. **Appeal and Error § 357 (NCI4th)— directed verdict—sovereign immunity—employee or officer—failure of record to show**

The trial court's directed verdict for the individual defendant in a negligence action was affirmed where the Court of Appeals was unable, without engaging in speculation, to determine whether this defendant was an employee or an officer of defendant board of education and thus entitled to official immunity or to share in the board's sovereign immunity. An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.

**Am Jur 2d, Appellate Review § 617.**

**PHARR v. WORLEY**

[125 N.C. App. 136 (1997)]

Appeal by plaintiff from directed verdict for defendants entered 16 December 1994 by Judge Chase B. Saunders in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 October 1996.

*Marshall A. Swann for plaintiff appellant.*

*Smith Helms Mulliss & Moore, L.L.P., by James G. Middlebrooks and Scott Boatwright, for defendant appellees.*

SMITH, Judge.

This case involves injuries arising out of an automobile accident between plaintiff and Steven W. Worley (Worley), a security officer for the Charlotte-Mecklenburg Board of Education (the Board). Plaintiff's suit against both Worley and his employer, the Board, proceeded under the supposition that the Board had waived its governmental immunity by purchasing liability insurance under the aegis of a "local government risk pool." At trial, defendants moved for a directed verdict at the close of plaintiff's evidence, arguing the Board had not participated in a "risk pool," and, therefore, had not waived its governmental immunity by the purchase of insurance.

A directed verdict is properly granted where it appears, as a matter of law, that the nonmoving party cannot recover upon any view of the facts which the evidence reasonably tends to establish. *Sheppard v. Zep Manufacturing Co.*, 114 N.C. App. 25, 30, 441 S.E.2d 161, 164 (1994). Under this standard, this Court must determine whether plaintiff's evidence, when considered in the light most favorable to plaintiff, was legally sufficient to withstand defendants' motion for a directed verdict as to plaintiff's claims. *See Sheppard*, 114 N.C. App. at 30, 441 S.E.2d at 164.

[1] On appeal, plaintiff first argues that defendant Worley was engaged in a proprietary, rather than governmental function in his capacity as a patrol officer with the Board's security department. "Traditionally, a county [agency has been held] immune from torts committed by an employee carrying out a governmental function, but [the agency may still be held] liable for torts committed while [its employee is] engaged in a proprietary function." *Hare v. Butler*, 99 N.C. App. 693, 698, 394 S.E.2d 231, 235, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990).

We have carefully reviewed the record. Having done so, we are unable to consider plaintiff's governmental/proprietary function argu-

ments because plaintiff did not raise such issues in the court below. N.C.R. App. 10(b)(1) (1997); *Northwestern Financial Group, Inc. v. County of Gaston*, 110 N.C. App. 531, 430 S.E.2d 689, 691, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 337 (1993). We are bound by our case law and appellate rules, and accordingly, we dismiss plaintiff's governmental/proprietary function argument.

**[2]** Next, we address plaintiff's claim that the Board is a participant in a "local government risk pool," and has thereby waived governmental immunity. The question of whether the risk management agreement (agreement) between the City of Charlotte, Mecklenburg County, and the Charlotte-Mecklenburg Board of Education constitutes a risk pool was recently settled by our Supreme Court in *Lyles v. City of Charlotte*, 344 N.C. 676, 477 S.E.2d 150 (1996). The *Lyles* Court concluded that "there must be more risk-sharing than is contained in the [instant] agreement in order to create a local government risk pool." *Id.*, slip op. at 5. Furthermore, the *Lyles* Court held that "[t]he Charlotte-Mecklenburg Board of Education *could not* join a risk pool pursuant to [N.C. Gen. Stat. § 58-23-1 (1994)]." *Id.*, slip op. at 5 (emphasis added). Since the instant case involves the same risk management plan at issue in *Lyles*, we must conclude that the instant Board is not and could not be, a risk pool participant, and has not waived its immunity. Accordingly, the trial court's directed verdict for defendant Board was not error.

**[3]** The final question is whether plaintiff's suit against defendant Worley should have been allowed to proceed despite the Board's governmental and official immunity defenses. Our courts have frequently stated that

> [a]n employee of a governmental agency . . . is personally liable for his negligence in the performance of his duties proximately causing injury to the property [or person] of another even though his employer is clothed with immunity and not liable on the principle of *respondeat superior*.

*Givens v. Sellars*, 273 N.C. 44, 49, 159 S.E.2d 530, 534-35 (1968) (cited to and quoted in part by *Harwood v. Johnson*, 92 N.C. App. 306, 309-10, 374 S.E.2d 401, 405 (1988). An officer, on the other hand, is entitled to share in the immunity of the sovereign, *Harwood*, 92 N.C. App. at 310-11, 374 S.E.2d at 405, and to assert the separate defense of official immunity where applicable. *See Epps v. Duke University*, 122 N.C. App. 198, 203, 468 S.E.2d 846, 850 ("Official immunity is a

*derivative* form of sovereign immunity." (emphasis added)), *disc. review denied,* 344 N.C. 436, 476 S.E.2d 115 (1996). Determining whether a governmental worker is an employee or an official is often a difficult distinction to draw. *See Hare,* 99 N.C. App. at 698, 394 S.E.2d at 236.

In the instant appeal, we are unable to determine whether defendant Worley's duties and responsibilities were such that he is entitled to either official immunity or to share in the Board's sovereign immunity. Plaintiff has included only twenty-eight pages of transcript from the proceedings below in the record, none of which speak to these particular issues. In the portion of the transcript provided, plaintiff's arguments are directed solely at whether the Board waived its immunity by purchasing liability insurance or by participating in a local government risk pool. It is appellant's duty and responsibility to see that the record is in proper form and complete. N.C.R. App. P. 9(a)(1)(e) and 9(a)(1)(j) (1997); and *see State v. Atkinson,* 275 N.C. 288, 167 S.E.2d 241 (1969), *death sentence vacated sub. nom., Atkinson v. North Carolina,* 403 U.S. 948, 29 L. Ed. 2d 859 (1971). From the record before us, we cannot, without engaging in speculation, determine defendant Worley's status as an employee or officer. "An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *State v. Williams,* 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968). Thus, we affirm the trial court's directed verdict for defendant Worley as well.

In summary, we affirm the directed verdict of the court below as to all defendants for the reasons stated herein.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.