PATRICIA M. MEYER, Administratix for the ESTATE OF CLEARMAN I. FRISBEE, Plaintiff/Appellant, v. JO ANN WALLS, Individually and in her Official Capacity as License Holder and Administrator of COMMUNITY CARE OF HAYWOOD, NO. 3; GEORGE ANDREW BROWN, III, Individually and as GEORGE ANDREW BROWN d/b/a A&B EXCAVATING, INC.; A&B EXCAVATING, INC.; COUNTY OF BUNCOMBE; BUNCOMBE COUNTY DEPARTMENT OF SOCIAL SERVICES; CALVIN E. UNDERWOOD, JR., Individually and in his Official Capacity as Director of the Buncombe County Department of Social Services; KAY BARROW, Individually and in her Official Capacity as Supervisor at the Buncombe County Department of Social Services; MACKEY MILLER, Individually, and in his Official Capacity as a Social Worker at the Buncombe County Department of Social Services, Defendants/Appellees

No. COA95-423

(Filed 4 June 1996)

## 1. State §§ 26, 38 (NCI4th)— general waiver of immunity— jurisdiction in Industrial Commission—waiver of immunity by purchase of insurance—jurisdiction in superior court

Claims against the state pursuant to the general waiver of immunity provisions of N.C.G.S. § 143-291(a) are within the exclusive jurisdiction of the Industrial Commission, while claims brought in cases where immunity has been waived by the purchase of liability insurance are within the jurisdiction of the superior court. N.C.G.S. §§ 153A-435(b), 160A-485(d), 115C-42, 122C-152(f).

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 85, 648 et seq.**

## 2. State §§ 26, 38 (NCI4th)— specific statute prevailing over general statute—jurisdictional question

The jurisdictional provisions of N.C.G.S. § 153A-435(b) control wherever they conflict with the jurisdictional provisions of N.C.G.S. § 143-291(a). The Tort Claims Act no longer controls with regard to jurisdiction once a governmental entity has procured liability insurance equal to or greater than the $100,000 cap provided for in § 143-291(a), and jurisdiction is then controlled by the statute authorizing the governmental entity to purchase liability insurance.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 85, 648 et seq.**

**3. State §§ 26, 38 (NCI4th)— action against DSS—jurisdiction in Industrial Commission or superior court—amount of liability insurance determinative**

Where the record was silent as to the precise amount of liability insurance purchased by the Buncombe County DSS, the cause is remanded to determine whether the policy or policies in question have liability limits equal to or greater than $100,000. If the policy limits are less than $100,000, jurisdiction is in the Industrial Commission, and the superior court will dismiss the cause for lack of subject matter jurisdiction.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 85, 648 et seq.**

**4. Public Officers and Employees § 35 (NCI4th); State § 38 (NCI4th)— action against director of DSS—amount of liability insurance—determinant of proper forum**

Plaintiff could proceed with her action against defendant director of the Buncombe County DSS in his official capacity pursuant to either N.C.G.S. § 143-291(a) or N.C.G.S. § 153A-435 depending upon the liability insurance policy limits maintained by the DSS, and a suit against the director must proceed in the same forum as plaintiff's suit against the DSS.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 137 et seq.; 648 et seq.**

**5. Public Officers and Employees § 35 (NCI4th)— director of DSS—public officer—mere negligence—action in individual capacity properly dismissed—willful and wanton negligence—action in individual capacity improperly dismissed**

Defendant director of the Buncombe County DSS was a public officer since his position was created by statute, many of his duties were imposed by law, and he clearly exercised substantial discretionary authority; therefore, the trial court properly dismissed plaintiff's suit against the director in his individual capacity for mere negligence in the performance of his duties, but plaintiff could proceed with the portions of her suit against defendant in his individual capacity which were based on allegations of willful and wanton conduct.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 137 et seq.**

MEYER v. WALLS

[122 N.C. App. 507 (1996)]

**6. Public Officers and Employees § 35 (NCI4th)— actions brought against state employees in individual capacity— dismissal error**

The supervisor of the adult protective services unit of a county DSS and a social worker for DSS were public employees, not public officers, and the trial court erred in dismissing plaintiff's claims against them in their individual capacities, since they could be personally liable for negligent performance of their duties or personally liable for any injury proximately caused by their willful and wanton conduct; furthermore, because there was no issue of waiver of immunity with regard to these suits, jurisdiction was in the superior court.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 137 et seq.**

Appeal by plaintiff from order entered 2 November 1994 by Judge James U. Downs in Haywood County Superior Court. Heard in the Court of Appeals 25 January 1996.

On 9 February 1992, decedent Clearman I. Frisbee committed suicide allegedly by placing an explosive blasting cap in his mouth and detonating it with a battery. Over two years prior to Mr. Frisbee's death, the Buncombe County Department of Social Services ("DSS") petitioned the Buncombe County Clerk of Superior Court to declare Mr. Frisbee legally incompetent because his multiple medical and psychological problems rendered him "unable to manage his own affairs." On 28 November 1989, Mr. Frisbee was adjudicated legally incompetent and defendant DSS was appointed as Mr. Frisbee's legal guardian.

While under DSS' care, Mr. Frisbee was placed in and removed from several community care facilities because of his behavior. On 11 February 1991, Mr. Frisbee was admitted to Community Care of Haywood No. 3 ("Community Care #3") by defendant Jo Ann Walls, the administrator of Community Care #3. At that time, defendant Mackey Miller was the DSS social worker handling Mr. Frisbee's case, defendant Calvin E. Underwood was the Director of the Buncombe County DSS, and defendant Kay Barrow was the Supervisor of the Adult Protective Services Unit at the Buncombe County DSS. Because of their respective positions with DSS, both defendants Underwood and Barrow had general guardianship authority over Mr. Frisbee.

On 9 November 1993, plaintiff Patricia M. Meyer, as Administratrix for the Estate of Clearman I. Frisbee, filed a wrongful death action alleging that Mr. Frisbee's death was proximately caused by the negligence of the named defendants. Plaintiff alleged, *inter alia,* that defendants Underwood, Barrow and Miller, individually and in their official capacities as agents of defendant Buncombe County Department of Social Services, (1) failed to make proper provisions for Mr. Frisbee's care, comfort and maintenance, (2) failed to act in his best interest, and (3) failed to adequately respond to information provided by family members regarding Mr. Frisbee's condition and conditions at Community Care #3. Plaintiff also asserted multiple negligence claims against defendant Buncombe County DSS. Defendants Underwood, Barrow, Miller and Buncombe County DSS each filed motions to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6). After hearing, the trial court dismissed plaintiff's claim against defendant Buncombe County DSS for lack of subject matter jurisdiction, and dismissed plaintiff's claim against defendants Underwood, Barrow and Miller after determining that plaintiff had failed to state a claim upon which relief could be granted against those defendants.

Plaintiff appeals.

*Hyler & Lopez, P.A., by George B. Hyler, Jr., and Robert J. Lopez for plaintiff-appellant.*

*Charlotte A. Wade for defendant-appellees.*

EAGLES, Judge.

[1] Plaintiff first argues that the trial court erred in granting defendant Buncombe County DSS' motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. We agree and remand to the Superior Court because we conclude that the trial court erred in failing to make additional findings necessary to determine in what forum jurisdiction properly lies.

"[A] subordinate division of the state, or agency exercising statutory governmental functions . . . , may be sued only when and as authorized by statute." *Coleman v. Cooper,* 102 N.C. App. 650, 658, 403 S.E.2d 577, 581 (quoting *Smith v. Hefner,* 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952)), *disc. review denied,* 329 N.C. 786, 408 S.E.2d 517 (1991). Over time, the General Assembly has enacted several different statutes which authorize suit against certain governmental entities and partially waive the defense of sovereign immunity with respect to

those entities. *E.g.*, G.S. 143-291 (1987 & Supp. 1993); G.S. 153A-435 (1985); G.S. 122C-152 (1985); G.S. 115C-42 (1985); G.S. 115D-24 (1979); G.S. 130A-37(k) (1995); G.S. 160A-485 (1985). In general, these statutes provide two methods by which the entity may waive sovereign immunity in certain instances.

First, G.S. 143-291(a) provides a general waiver of immunity for claims against "the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State . . ." where the claim "arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant . . . ." G.S. 143-291(a). The damages that may be recovered pursuant to G.S. 143-291(a) are capped at $100,000 "cumulatively to all claimants on account of injury and damage to any one person." *Id.* We note here that, for causes of action arising on or after 1 October 1994, the General Assembly has amended G.S. 143-291(a) so that damages are now capped at $150,000. The second method by which certain governmental entities may waive the defense of sovereign immunity is by their purchase of liability insurance. *E.g.*, G.S. 153A-435(a) (1985). Where immunity is waived in this manner, recoverable damages are capped at policy limits. *Id.*

The manner in which immunity is waived is also relevant to the issue of jurisdiction. For instance, when immunity is waived pursuant to the general provisions of G.S. 143-291(a)

> the North Carolina Industrial Commission (Commission) is "constituted a court for the purpose of hearing and passing upon tort claims against the . . . departments, institutions, and agencies of the State." G.S. 143-291. The Commission is authorized to determine "whether or not each individual claim arose as a result of a negligent act of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." *Id.*

*Vaughn v. Dept. of Human Resources*, 296 N.C. 683, 685, 252 S.E.2d 792, 794 (1979). The Industrial Commission's jurisdiction under G.S.

143-291(a) is exclusive. *Robinette v. Barriger,* 116 N.C. App. 197, 202, 447 S.E.2d 498, 501 (1994), *aff'd,* 342 N.C. 181, 463 S.E.2d 78 (1995).

Where immunity is waived by the purchase of liability insurance, however, we conclude that jurisdiction is statutorily vested in the superior court. G.S. 153A-435(b) (1985); G.S. 160A-485(d) (1985); G.S. 115C-42 (1985); G.S. 122C-152(f) (1985). We reach this conclusion because these statutes all contain language substantially similar to G.S. 153A-435(b), which provides in pertinent part that:

> [T]he liability of a county for acts or omissions occurring in the exercise of governmental functions does not attach unless the plaintiff waives the right to have all issues of law or fact relating to insurance in the action determined by a jury. The judge shall hear and determine these issues without resort to a jury, and the jury shall be absent during any motion, argument, testimony, or announcement of findings of fact or conclusions of law relating to these issues unless the defendant requests a jury trial on them.

G.S. 153A-435(b). This language cannot vest jurisdiction in the Industrial Commission because neither judges nor juries exist in proceedings before the Industrial Commission. Similarly, jurisdiction for claims pursuant to G.S. 143-291(a) is clearly vested in the Industrial Commission by the statute's plain language. Accordingly, we conclude that jurisdiction depends on the statutory authority for the waiver of immunity.

We recognize that many diverse factual situations exist where some degree of waiver is present based in part on G.S. 143-291(a) and also based in part on the governmental entity's purchase of liability insurance. Therefore, having found no reported decision of the Appellate Division which directly addresses the jurisdictional dichotomy in this context, our analysis is necessarily one of statutory construction.

"The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute." *Tellado v. Ti-Caro Corp.,* 119 N.C. App. 529, 533, 459 S.E.2d 27, 30 (1995). Interpretations that would create a conflict between two or more statutes are to be avoided, and "statutes should be reconciled with each other . . ." whenever possible. *Hunt v. Reinsurance Facility,* 302 N.C. 274, 288, 275 S.E.2d 399, 405 (1981). When a more generally applicable statute conflicts with a more specific, special statute, the "special statute is viewed as an exception to the provisions of the gen-

eral statute . . . ." *Domestic Electric Service v. City of Rocky Mount,*
20 N.C. App. 347, 350, 201 S.E.2d 508, 510, *aff'd* 285 N.C. 135, 203
S.E.2d 838 (1974).

[2] G.S. 143-291(a), a part of Article 31 of Chapter 143 (often referred
to as the Tort Claims Act), is a generally applicable statute that pro-
vides for a partial waiver of sovereign immunity on behalf of the State
and many subordinate divisions of the State. G.S. 153A-435, on the
other hand, is a more specific statute providing that a county or a
local agency of the State waives its defense of sovereign immunity to
the extent of any liability insurance purchased. *See McNeill v.
Durham County ABC Bd.*, 87 N.C. App. 50, 57, 359 S.E.2d at 500, 504
(1987), *modified on other grounds*, 322 N.C. 425, 368 S.E.2d 619
(1988). As we have stated, where a more generally applicable statute
such as G.S. 143-291(a) conflicts with a more specific, special statute
such as G.S. 153A-435(b), the "special statute is viewed as an excep-
tion to the provisions of the general statute . . . ." *Domestic Electric
Service*, 20 N.C. App. at 350, 201 S.E.2d at 510. Accordingly, to the
extent that G.S. 153A-435(a) applies, we conclude that the jurisdic-
tional provisions of G.S. 153A-435(b) control wherever they conflict
with the jurisdictional provisions of G.S. 143-291(a).

Our construction is consistent with the plain language of the Tort
Claims Act. G.S. 143-291(b) provides that "[i]f a State agency, other-
wise authorized to purchase insurance, purchases a policy of com-
mercial liability insurance providing coverage in an amount at
least equal to the limits of the State Tort Claims Act, such insurance
coverage shall be in lieu of the State's obligation for payment under
this Article." G.S. 143-291(b) (1987). Under the plain language of G.S.
143-291(b), the Tort Claims Act no longer controls the payment of
damages where a State agency has procured liability insurance with
policy limits equal to or greater than the $100,000 cap provided for in
G.S. 143-291(a). It follows logically that G.S. 143-291(b) requires that
the Tort Claims Act is no longer controlling with regard to jurisdiction
once a governmental entity has procured liability insurance with pol-
icy limits equal to or greater than $100,000. Jurisdiction is then con-
trolled by the statute authorizing the governmental entity to purchase
liability insurance.

Our construction is also consistent with the expectations of the
parties to the liability insurance contract. When an insurer enters into
an insurance contract with a county or local agency of the State pur-
suant to G.S. 153A-435(a), the parties to the policy expect to be able

to litigate any coverage questions before the Superior Court sitting without a jury as contemplated by G.S. 153A-435(b). To hold otherwise would not only run afoul of the statutory language itself but would also alter the risk undertaken by the insurer who contracted in reliance on the specific provisions of G.S. 153A-435(b).

**[3]** We turn now to the question of whether plaintiff's claim against defendant Buncombe County DSS properly should be brought in the Industrial Commission or the Superior Court. Defendant Buncombe County DSS correctly asserts that it is an agent of the Department of Human Resources and a subordinate division of the State and therefore within the purview of G.S. 143-291(a). *See Vaughn*, 296 N.C. at 690, 252 S.E.2d at 797; *EEE-ZZZ Lay Drain v. N.C. Dept. of Human Resources*, 108 N.C. App. 24, 28, 422 S.E.2d 338, 341 (1992); *Coleman*, 102 N.C. App. at 657-58, 403 S.E.2d at 581-82. However, defendant Buncombe County and defendant Buncombe County DSS are also alleged to have purchased liability insurance and accordingly to have waived the defense of immunity pursuant to G.S. 153A-435(a). *McNeill*, 87 N.C. App. at 57, 359 S.E.2d at 504. Where the county or local agancy of the State has purchased liability insurance equal to or in excess of $100,000, the waiver of immunity is effective pursuant to G.S. 153A-435(a), and the jurisdictional provisions of 153A-435(b) control. *See id.*; G.S. 143-291(b). The record is silent as to the precise amount of liability insurance coverage purchased here. Accordingly, we remand this cause to the Superior Court to make findings of fact as to whether the insurance policy or policies in question have liability limits equal to or greater than $100,000. If the liability limits are less than $100,000 in coverage, jurisdiction is in the Industrial Commission and the Superior Court shall dismiss the cause for lack of subject matter jurisdiction.

Plaintiff next argues that the trial court erred in dismissing plaintiff's claims against defendants Underwood, Barrow and Miller pursuant to Rule 12(b)(6). The trial court dismissed plaintiff's claim against defendant Underwood in his official capacity and against defendants Underwood, Barrow and Miller in their individual capacity. Our standard of review is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory . . . ." *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). A motion to dismiss is properly granted where a defendant is immune from suit under the alleged facts taken as true. *E.g., Harwood v. Johnson*, 326 N.C. 231, 237-38, 388 S.E.2d 439, 442-43 (1990).

MEYER v. WALLS

[122 N.C. App. 507 (1996)]

**[4]** We first address whether suit may be maintained against defendant Underwood in his official capacity. It is well-established in North Carolina that the common law doctrine of sovereign immunity "prevents a claim for relief against the State except where the State has consented or waived its immunity." *Harwood*, 326 N.C. at 238, 388 S.E.2d at 443. This doctrine extends to suits against individual defendants in their official capacities because those suits are suits against the State. *Id.*

As we have recognized, counties may "waive the defense of immunity for negligent actions that occur in the performance of governmental functions through the purchase of liability insurance." *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235-36, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). This waiver of immunity may apply to suits against the DSS and to suits against DSS officers acting in their official capacity. *See id.* Here, plaintiff alleges that both defendant Buncombe County and defendant Buncombe County DSS purchased liability insurance policies with coverage sufficient to act as a waiver of immunity. In reviewing the trial court's grant of defendant's Rule 12(b)(6) motion, we accept plaintiff's allegations as true. Accordingly, we conclude that the Buncombe County DSS has waived the defense of sovereign immunity and consented to suit against it for the negligent acts of its officers and employees.

We have further recognized that even in the absence of liability insurance, suit may be maintained against defendant Buncombe County DSS pursuant to G.S. 143-291(a). G.S. 143-291(a) also permits suits against officers of defendant Buncombe County DSS in their official capacity for actions within the scope of their duties. Accordingly, we conclude that plaintiff may proceed with her action against defendant Underwood in his official capacity pursuant to either G.S. 143-291(a) or G.S. 153A-435 depending on the liability insurance policy limits maintained by defendant Buncombe County DSS. A suit against defendant Underwood in his official capacity must proceed in the same forum as plaintiff's suit against defendant Buncombe County DSS. *Harwood*, 326 N.C. at 238, 388 S.E.2d at 443.

We now address plaintiff's claims against defendants Underwood, Barrow and Miller in their individual capacity. "When a governmental worker is sued in his individual capacity, our courts have distinguished between whether the worker is an officer or an employee when assessing liability." *EEE-ZZZ Lay Drain*, 108 N.C. App. at 28, 422 S.E.2d at 341.

MEYER v. WALLS

[122 N.C. App. 507 (1996)]

A public officer is shielded from liability unless he engaged in discretionary actions which were allegedly: (1) corrupt, *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985); (2) malicious, *id.*; (3) outside of and beyond the scope of his duties, *id.*; (4) in bad faith, *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236; or (5) willful and deliberate, *Harwood v. Johnson*, 92 N.C. App. 306, 310, 374 S.E.2d 401, 404 (1988).

*Reid v. Roberts*, 112 N.C. App. 222, 224, 435 S.E.2d 116, 119, *disc. review denied*, 335 N.C. 559, 439 S.E.2d 151 (1993). A public employee, on the other hand, "is personally liable for negligence in the performance of his or her duties proximately causing an injury." *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236.

In categorizing a worker as either a public officer or a public employee, we have recognized several basic distinctions.

A public officer is someone whose position is created by the constitution or statutes of the sovereign. *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965). "An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of sovereign power." *Id.* Officers exercise a certain amount of discretion, while employees perform ministerial duties. Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are "absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Jensen v. S.C. Dept. of Social Services*, 297 S.C. 323, 377 S.E.2d 102 (1988).

*Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236.

**[5]** Applying this analysis, we conclude that Defendant Underwood, as director of the Buncombe County DSS, is a public officer. His position is created by statute, many of his duties are imposed by law and he clearly exercises substantial discretionary authority. *Id.* (citing G.S. 108A-12 (1981)). Normally, where a public officer's alleged negligence "is related solely to his or her official duties," the officer is immune from suit in his individual capacity, and any action must be brought against the officer in his official capacity. *Robinette v. Barriger*, 116 N.C. App. 197, 203, 447 S.E.2d 498, 502 (1994), *aff'd*, 342 N.C. 181, 463 S.E.2d 78 (1995). Here, plaintiff argues that defendant Underwood failed to properly train and supervise certain DSS

employees in the performance of their duties. We recognize that those activities are discretionary in nature and clearly within the scope of defendant's official duties. Therefore, we conclude the trial court properly dismissed plaintiff's suit against defendant Underwood in his individual capacity for mere negligence in the performance of his duties. *Hare*, 99 N.C. App. at 700-01, 394 S.E.2d at 236-37.

Defendant Underwood is not completely protected by the doctrine of governmental immunity, however, because plaintiff's complaint alleges that defendant Underwood's conduct was "willful, wanton and in reckless disregard of the rights of Clearman Frisbee." As we have stated, a public official is not shielded from liability for "willful and deliberate" conduct that proximately causes injury. *Reid*, 112 N.C. App. at 224-25, 435 S.E.2d at 119. Accordingly, we conclude that plaintiff's allegation is sufficient to withstand defendant's Rule 12(b)(6) motion and that plaintiff may proceed with the portions of her suit against defendant Underwood in his individual capacity which are based on allegations of willful and wanton conduct.

[6] As to defendants Barrow and Miller, defendant Barrow is the Supervisor of the Adult Protective Services Unit of the Buncombe County DSS and defendant Miller is a social worker for DSS. Neither position appears to have been created expressly by statute, and neither position appears to involve the exercise of sovereign power. The fact that each employee may exercise a certain amount of discretion does not change the analysis in light of the absence of other factors. Accordingly, we conclude that defendants Barrow and Miller are public employees, not public officers.

Having determined that defendants Barrow and Miller are public employees, we conclude that they may be personally liable "for the negligent performance of their duties that proximately caused foreseeable injury . . . ." *Hare*, 99 N.C. App. at 700, 394 S.E.2d at 236. Defendants Barrow and Miller may also be liable in their individual capacity for any injury proximately caused by their willful and wanton conduct as alleged by plaintiff. *Reid*, 112 N.C. App. at 224-25, 435 S.E.2d at 119. Accordingly, we conclude that the trial court improperly dismissed plaintiff's claim against defendants Barrow and Miller in their individual capacity. We need not address plaintiff's remaining assignments of error.

We note here that, as there is no remaining issue of waiver of immunity with regard to these suits against defendants individually, jurisdiction is in the Superior Court as it would be in any other suit

seeking to hold a tortfeasor personally liable for his or her conduct. *See Epps v. Duke University*, 122 N.C. App. 198, 468 S.E.2d 846 (1996).

In summary, this cause must be remanded to the Superior Court for a determination as to the liability limits on the insurance policy or policies purchased by defendant Buncombe County and defendant Buncombe County DSS, and for a determination of defendants' motions to dismiss for lack of subject matter jurisdiction, consistent with this opinion. Contingent on the Superior Court being determined to have subject matter jurisdiction, we hold that the trial court erred in granting (1) defendant's Buncombe County DSS' motion to dismiss pursuant to Rule 12(b)(1), (2) defendant Underwood's Rule 12(b)(6) motion to dismiss suit against him in his official capacity, (3) defendant Underwood's Rule 12(b)(6) motion to dismiss suit against him in his individual capacity for allegations of willful and wanton conduct, and (4) defendants Barrow and Miller's Rule 12(b)(6) motion to dismiss suit against them in their individual capacity.

The trial court did not err in dismissing defendant Underwood's Rule 12(b)(6) motion to dismiss plaintiff's claim against him in his individual capacity for allegations of mere negligence.

Affirmed in part, reversed in part, and remanded.

Judges MARTIN, JOHN C., and MARTIN, MARK D., concur.