CHARLES PARHAM, INDIVIDUALLY AND WIFE, LOUISE PARHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF ROBIN PARHAM, PLAINTIFFS v. IREDELL COUNTY DEPARTMENT OF SOCIAL SERVICES AND FRANKIE R. MARTIN, SOCIAL WORK SUPERVISOR, IREDELL COUNTY DEPARTMENT OF SOCIAL SERVICES, INDIVIDUALLY, DEFENDANTS

No. COA96-1202

(Filed 5 August 1997)

**1. State § 33 (NCI4th)— adoption—delayed treatment of child—incomplete history—negligence action—DSS an agent of State**

The trial court correctly concluded that the Iredell DSS is an agency of the State where plaintiffs sought damages for delayed medical and psychiatric treatment of an adopted child resulting from defendants' failure to provide accurate and complete information about her and the trial court found that the case fell within the Tort Claims Act. The statutory scheme for adoption proceedings and filings in this sate provides that county DSS directors act as agents of the Department of Human Resources, a state agency. Furthermore, Chapter 48 as it now exists provides DHR and its Division of Social Services with more rule making authority and also provides that "agency" means a county department of social services.

**2. State § 39 (NCI4th)— adopted child—incomplete history— delayed treatment—Tort Claims action—jurisdiction— insurance policy limit**

An action against defendant-Iredell Department of Social Services and one of its employees for damages arising from delayed treatment of an adopted child resulting from defendants'

PARHAM v. IREDELL COUNTY DEPT. OF SOCIAL SERVICES

[127 N.C. App. 144 (1997)]

failure to disclose her history was remanded for findings of fact regarding the amount of Iredell DSS' insurance policy limit where there was an allegation that defendants waived governmental immunity by purchasing liability insurance but the record is silent as to the amount. Damages under N.C.G.S. § 143-291(a) are capped at $150,000 for causes of action arising on or after 1 October 1994. If DSS's policy limit is less than $150;000.00 then jurisdiction is with the Industrial Commission and if it is $150,000 or more the superior court has jurisdiction over the matter.

**3. State § 46 (NCI4th)— adopted child—failure to disclose record—allegations of fraudulent concealment and false representations—jurisdiction**

The trial court rather than the Industrial Commission had jurisdiction over an action against the Iredell County Department of Social Services (Iredell DSS) and one of its employees for damages arising from delayed treatment of an adopted child resulting from defendants' failure to disclose her history where the court held that the evidence does not support that defendant acted maliciously or corruptly, as required to take the acts outside defendants' employment relationship, but the matter was before the trial court on a motion to dismiss for failure to state a claim upon which relief could be granted and no evidence appears in the record. However, plaintiffs alleged false representations and fraudulent concealment of material information with the intent to deceive plaintiffs, and it cannot be said that these allegations fall short of "malicious and corrupt."

Appeal by plaintiffs from order entered 18 April 1996 by Judge Henry V. Barnette, Jr., in Vance County Superior Court. Heard in the Court of Appeals 20 May 1997.

*Broughton, Wilkins, Webb & Sugg, P.A., by William Woodward Webb and R. Palmer Sugg, for plaintiff appellants.*

*Tate, Young, Morphis, Bach & Taylor, L.L.P., by T. Dean Amos, for defendant appellees.*

COZORT, Judge.

Plaintiffs filed suit in superior court against the Iredell County Department of Social Services (Iredell DSS) and one of its employees, alleging defendants failed to provide accurate and complete information about a child being considered for adoption. The trial court dis-

missed, holding the court lacked jurisdiction because the case was subject to the Tort Claims Act, and further holding there was no evidence the defendant-employee acted maliciously. We find the trial court failed to make findings of fact as to whether the county purchased insurance in an amount divesting the Industrial Commission of jurisdiction, and we find the complaint sufficiently alleged malicious and corrupt action by the defendant-employee to survive a motion to dismiss. We reverse and remand.

Plaintiffs filed a complaint in superior court alleging they are the adoptive parents and the guardian ad litem for Robin Parham. Plaintiffs adopted Robin with the assistance of Iredell DSS. Robin was placed with the Parhams in December 1987, and they adopted her on or about 24 October 1988. Iredell DSS represented to plaintiff parents that Robin was "healthy" and doing "reasonably well in school." In fact, plaintiffs allege, Robin had been abused, neglected and sexually abused while she lived with her natural mother. In addition, Robin was doing poorly in school. The plaintiffs contend they did not learn of Robin's true history until May 1991. Plaintiffs contend that their failure to know Robin's true background kept them from providing the appropriate treatment for Robin's needs and has caused Robin to suffer mental anguish and emotional distress.

On 5 August 1992, plaintiffs filed this action seeking damages for the emotional distress, medical and psychiatric expenditures and the lost opportunities for proper medical and psychiatric treatment for Robin. Plaintiffs alleged that defendants breached their duty to the parents by negligently failing to provide them with accurate and complete information about Robin and her needs and acted in willful and wanton disregard of others. Against the individual defendant, plaintiffs alleged that she fraudulently concealed material information and misrepresented information regarding Robin's condition causing the parents to rely on it to their and Robin's detriment.

Defendants answered that Frankie Martin was at all times engaged in her duties as an employee of Iredell DSS and that Iredell DSS and its employee have governmental immunity. Defendants contended that such immunity was not waived by their purchase of insurance. Further defendants contended plaintiffs' claims were barred by the statute of limitations and that the complaint failed to state a claim pursuant to Rule 12(b)(6).

On 3 January 1996, defendants moved to dismiss plaintiffs' complaint for lack of subject matter jurisdiction. In its Memorandum of

Decision of 8 February 1996 the trial court found that the case fell within the North Carolina Tort Claims Act, divesting the court of subject matter jurisdiction. The court entered an order to this effect on 18 April 1996. In its Memorandum, the court found that Iredell DSS was a "State agency in the administration of adoptions." The court also found that Frankie Martin was acting in her official capacity and had the same governmental immunity as her employer. Additionally, the court stated that the evidence did not support that "she [Martin] acted maliciously." Plaintiffs appeal.

[1] On appeal, plaintiffs argue the court erred in concluding that Iredell DSS is an agent of the state in the performance of their adoption duties. We disagree.

The Tort Claims Act includes within its scope tort claims against agencies of the state. N.C. Gen. Stat. § 143-291(a) (1996). While the Supreme Court and this Court have not specifically addressed whether a county DSS agency is a state agent when it performs adoption services, we have addressed similar situations.

In *Vaughn v. Dept. of Human Resources*, 296 N.C. 683, 252 S.E.2d 792 (1979), our Supreme Court held that a county DSS was an agent of the state Social Services Commission (a division of the Department of Human Resources) with respect to delivery of foster care services. Therefore, in that case the North Carolina Department of Human Resources (DHR) was liable under a doctrine of respondeat superior for negligent acts of the county's social services director with respect to placement of children in foster care, and the appropriate forum for the action was the Industrial Commission. *Id.* at 690-91, 252 S.E.2d at 797. In arriving at this conclusion the Court reviewed the statutory scheme governing placement of children in foster care. *Id.* at 688, 252 S.E.2d at 796. The *Vaughn* Court found the scheme indicated the county DSS director acts on behalf of DHR, and his actions were subject to its control. DHR, through the Social Services Commission, had the right to control the manner in which the county DSS placed a child in foster care. *Id.* at 690, 252 S.E.2d at 797.

This Court held that the county was acting as an agent of the Social Services Commission and DHR in its delivery of child protective services. *Coleman v. Cooper*, 102 N.C. App. 650, 403 S.E.2d 577, *disc. review denied*, 329 N.C. 786, 408 S.E.2d 517 (1991). We examined the relevant statutes and concluded that the county DSS director was required to submit reports of abuse to the central registry under policies adopted by the Social Services Commission. *Id.* at 658, 403

S.E.2d at 581. The central registry of abuse and neglect cases was maintained by DHR. *Id.* Accordingly since the county was acting as agent of the state, we held that the cause of action originating under the Tort Claims Act against the county must be brought before the Industrial Commission. *Id.* at 658, 403 S.E.2d at 581-82.

In *Gammons v. N.C. Dept. of Human Resources*, 344 N.C. 51, 472 S.E.2d 722 (1996), our Supreme Court analyzed the relevant statutory scheme along with the mandatory administrative regulations. The Court found that those statutes and rules demonstrated the degree of control retained by DHR over the provision of child protective services on the county level. *Id.* at 63, 472 S.E.2d at 729. The *Gammons* Court held, "regarding the provision of child protective services, there exists a sufficient agency relationship between the Department of Human Resources and the . . . County Director of Social Services and his staff such that the doctrine of *respondeat superior* is implicated." The Court held that the Industrial Commission had jurisdiction over the case. *Id.* at 64, 472 S.E.2d at 729.

These cases suggest that the determining factor is the degree of control and supervision exercised by DHR or the Social Services Commission. The higher the level of involvement of the state, the more likely it is that the county DSS is operating as an agent of the state, requiring tort claims against the county DSS to be brought in the Industrial Commission. From our review of former Chapter 48, the adoption statute applicable to the present case, it is apparent that DHR is the overseer of the adoption process in North Carolina. When a petition for adoption is filed it may be on a form provided by DHR, and a copy must be sent to DHR and the director of the county DSS. N.C. Gen. Stat. § 48-15 (1991). A review of the prior statute indicates that DHR provides all of the forms on which the adoption procedures are recorded. N.C. Gen. Stat. § 48 (1991). The county DSS director and Human Resources must be notified when an adoption petition is dismissed. N.C. Gen. Stat. § 48-20(b) (1991). The entire record of the adoption proceedings must be sent to DHR within ten days of its filing. N.C. Gen. Stat. § 48-24 (1991). DHR maintains the permanent index of the adoption proceedings and filings in North Carolina. N.C. Gen. Stat. § 48-24(c). We find the statutory scheme providing for adoption proceedings in this state provides that county DSS directors are acting as agents for Human Resources. Thus, we hold that the Iredell DSS is an agency of the state during its involvement in adoption proceedings. Our holding is reinforced by our legislature's complete revamping of North Carolina adoption law in 1995. Chapter 48,

as it now exists, provides DHR and its Division of Social Services (formerly Social Services Commission) with more rule-making authority. We also note that N.C. Gen. Stat. § 48-1-101(4) (1995) (effective date 1 July 1996) provides that " '[a]gency' also means a county department of social services . . . ." We thus affirm the trial court's finding that Iredell DSS is a state agency.

[2] This finding, however, is not dispositive of this appeal. We must remand this case to the trial court pursuant to this Court's opinion in *Meyer v. Walls*, 122 N.C. App. 507, 471 S.E.2d 422, *disc. review allowed*, 344 N.C. 438, 476 S.E.2d 119 (1996). In *Meyer*, the administratrix of a mentally ill man's estate filed a wrongful death action against a number of defendants, including the Buncombe County DSS and its director in his individual and official capacity. There was an allegation that the county had purchased insurance; however, the record was silent as to the amount. We held that where governmental immunity was waived by the purchase of liability insurance, jurisdiction for tort actions is statutorily vested in the superior court. *Id.* at 512, 471 S.E.2d at 426. We remanded the matter to the superior court to make findings of fact as to whether the insurance policy or policies in question have liability limits equal to or greater than $100,000. If the limits were less than $100,000, jurisdiction was in the Industrial Commission; if equal or greater than $100,000 then jurisdiction was with the superior court. *Id.* at 514, 471 S.E.2d at 427-28.

In the present case, we remand for the trial court to make findings consistent with *Meyer*. We note here that the General Assembly amended N.C. Gen. Stat. § 143-291(a) so that damages are capped at $150,000 for causes of action arising on or after 1 October 1994. If the insurance policies have limits equal to or greater than $150,000, jurisdiction is with the superior court and the matter shall proceed on its merits. *See* N.C. Gen. Stat. § 143-291(a); N.C. Gen. Stat. § 153A-435 (1991). In its answer, defendants alleged that their insurer "advised" that the policy did not cover allegations such as plaintiffs'. This statement is not binding on the trial court.

[3] The trial court also found that it lacked jurisdiction under the rule of law which confers jurisdiction in the superior court, rather than the Industrial Commission, for civil actions involving malicious and corrupt acts, more than mere negligence, taking the acts outside the scope of the defendant-employee's employment. *Wiggins v. City of Monroe*, 73 N.C. App. 44, 49, 326 S.E.2d 39, 43 (1985), *appeal after remand*, 85 N.C. App. 237, 354 S.E.2d 365, *cert. denied*, 320 N.C. 178,

358 S.E.2d 72 (1987). To reach this conclusion, the trial court held that "[t]he evidence does not support that she acted maliciously or corruptly." This conclusion is in error. The matter was before the trial court on an N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (1990) motion to dismiss. In the record filed in this Court, no evidence appears. The only pleading considered by the trial court was the plaintiffs' complaint. In that complaint, plaintiffs alleged false misrepresentations and fraudulent concealment of material information with the intent to deceive plaintiffs. We cannot say that these allegations fall short of being malicious and corrupt. These allegations properly survive a Rule 12(b)(1) motion to dismiss.

In summary, we hold that the Iredell DSS is acting as an agent of DHR in its delivery of adoption services to plaintiffs. However, whether jurisdiction is with the superior court or the Industrial Commission is a question of fact to be determined by the trial court on remand. The court shall look only to whether Iredell County and/or Iredell DSS has purchased insurance and, if so, the limits of the policy. If coverage is less than $150,000, then jurisdiction is with the Industrial Commission and the court shall dismiss the first two counts of plaintiffs' complaint. The superior court has jurisdiction over plaintiffs' counts three, four, and five as these allegations are of malicious, corrupt, and willful and wanton actions.

Reversed and remanded.

Judges MARTIN, Mark D., and TIMMONS-GOODSON concurred in this opinion prior to 31 July 1997.