**SIGMA CONSTR. CO. v. GUILFORD CTY. BD. OF EDUC.**

[144 N.C. App. 376 (2001)]

SIGMA CONSTRUCTION CO., INC., Plaintiff v. GUILFORD COUNTY BOARD OF EDUCATION, Defendant

No. COA00-877

(Filed 19 June 2001)

**1. Open Meetings— school board—attorney-client exception—closed session—in camera review by trial court**

The trial court did not err by dismissing plaintiff contractor's complaint and by concluding that defendant school board complied with the requirements of N.C.G.S. § 143-318.9 to hold closed session meetings to preserve its attorney-client privilege, because the trial court's in camera inspection reveals that defendant did in fact receive legal advice from its attorneys, there was no discussion of any general policy matters, there were no discussions which were not subject to the attorney-client privilege, and release of any part of the minutes of the closed sessions for public inspection would destroy the attorney-client privilege.

**2. Open Meetings— school board—termination of contractor's performance—no debate at meeting prior to vote**

The adoption of a resolution by defendant school board at an open meeting to terminate plaintiff contractor's performance is not subject to challenge under N.C.G.S. § 143-318.9 on the ground that there was no debate at that meeting among the members of the public body prior to their voting on the resolution, because there is nothing in N.C.G.S. § 143-318.9 requiring the solicitation of public comment as a prerequisite to a vote on a pending motion.

Appeal by plaintiff from judgment filed 25 April 2000 by Judge Douglas W. Albright in Guilford County Superior Court. Heard in the Court of Appeals 22 May 2001.

*Safran Law Offices, by Perry R. Safran, for plaintiff-appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Reid L. Phillips, Jill R. Wilson, and Harold H. Chen, for defendant-appellee.*

SIGMA CONSTR. CO. v. GUILFORD CTY. BD. OF EDUC.

[144 N.C. App. 376 (2001)]

GREENE, Judge.

Sigma Construction Co., Inc. (Plaintiff) appeals a judgment filed 25 April 2000 in favor of Guilford County Board of Education (Defendant) dismissing Plaintiff's complaint and denying Plaintiff's requests: that the closed session meetings Defendant held on 15 February and 9 March 2000 be declared in violation of the Open Meetings Law; that Defendant's actions taken in the meetings be declared void; for minutes of the closed sessions of Defendant's 15 February meeting; and for attorney's fees and costs.

On or about 13 May 1998, Plaintiff entered into a contract with Defendant (the Contract) for construction of Colfax Elementary School (the Project). Over the course of the performance of the Contract, disputes arose between Plaintiff and Defendant concerning the schedule of the Project, the completion date, and certain milestones.

In a letter sent by facsimile transmittal to Plaintiff on 15 February 2000, Defendant informed Plaintiff that Defendant would hold a school board meeting on 15 February 2000 and would discuss, among other things, the Project and Plaintiff's continued performance. After a motion at the meeting to move to a closed session to consult with attorneys and preserve the attorney-client privilege, Defendant moved to a closed session. After the closed session, a motion was made and adopted in open session by Defendant. There was no discussion on the motion, and its adoption directed that further performance by Plaintiff be terminated. On 28 February 2000, Plaintiff requested minutes from Defendant's 15 February 2000 meeting, including the minutes of the closed session. Defendant supplied Plaintiff with a copy of the minutes of the open session, but Defendant did not provide a copy of the minutes of the closed session, as the closed session minutes were "not 'public records.' "

After Defendant's termination of Plaintiff, Michael D. Priddy (Priddy), Defendant's Associate Superintendent for Auxiliary Services, recommended hiring Weaver-Cooke Construction, L.L.C. (Weaver-Cooke) as the replacement contractor. On 9 March 2000, after meeting in closed session to discuss legal matters, Defendant returned to open session. Priddy submitted a report by his staff recommending Weaver-Cooke be hired as the replacement contractor. In open session, Defendant adopted a resolution that Weaver-Cooke be hired as the replacement contractor on the Project.

Plaintiff filed a complaint on 16 March 2000, alleging Defendant violated N.C. Gen. Stat. § 143-318.9 requiring hearings, deliberations, and actions of public bodies be conducted openly. Plaintiff's complaint requested the trial court enter a declaratory judgment finding Defendant violated N.C. Gen. Stat. § 143-318.9, and any action taken by Defendant in violation of section 143-318.9 was null and void. Plaintiff also requested Defendant produce the minutes of the closed session of the meeting held on 15 February 2000.

In a judgment filed 25 April 2000, the trial court found as fact that:

9. Attached to the Affidavit of Dr. Lillie Jones, in a sealed envelope, are true and genuine copies of the minutes of the closed sessions of the meetings held by Defendant on February 15 and March 9, 2000.

10. The [c]ourt has conducted an *in camera* inspection of the minutes of the closed sessions of the meetings held by Defendant on February 15 and March 9, 2000.

. . . .

12. Jill R. Wilson and Michael D. Meeker are attorneys retained by Defendant. Both attorneys were present at the February 15 and March 9 closed sessions of the meetings held by Defendant.

13. Jill R. Wilson and [Michael D.] Meeker attended the closed sessions of the meetings held on February 15 and March 9, 2000 for the purpose of providing legal advice to Defendant.

14. Defendant held its closed sessions on February 15 and March 9, 2000 for the purpose of consulting with its attorneys in order to preserve the attorney-client privilege.

15. Defendant did in fact consult with its attorneys and did in fact receive legal advice from its attorneys during the closed sessions of the meeting[s] held by Defendant on February 15 and March 9, 2000.

16. The [c]ourt's *in camera* inspection of the minutes of the closed sessions held by Defendant . . . did not reveal any entry relating to the discussion or consideration of any general policy matters.

17. The [c]ourt's *in camera* inspection of the minutes of the closed sessions held by Defendant . . . revealed that there was no discussion of any matter which was *not* subject to the attorney-client privilege.

18. [Defendant] was entitled to consult with its attorneys in closed session on those matters which were the subject of the closed sessions held by Defendant . . . .

19. Disclosure of the minutes of the closed sessions of the meetings held by Defendant . . . would destroy the attorney-client privilege for the consultations which occurred.

Based on these findings of fact, the trial court concluded: Defendant complied with the requirements of N.C. Gen. Stat. § 143-318.9; the purpose of the closed session meetings was to preserve attorney-client privilege; Defendant carried the burden of demonstrating the attorney-client exception applied to its closed session meetings; and production of the minutes from the closed sessions would "destroy the attorney-client privilege."

The dispositive issues are whether: (I) the record is sufficient for this Court to review the correctness of the trial court's finding that the closed sessions were entirely related to a proper exercise of Defendant's attorney-client privilege; and (II) the adoption of a resolution by a public body at an open meeting is subject to challenge under section 143-318.9 on the ground there was no debate, at that meeting, among the members of the public body prior to their voting on the resolution.

I

[1] Generally, "it is the public policy of North Carolina that the hearings, deliberations, and actions" of public bodies be conducted openly. N.C.G.S. § 143-318.9 (1999). A school board is a "public body" and therefore must hold its meetings in conformity with the open meetings law. N.C.G.S. § 143-318.10(b) (1999). A public body, however, may hold a closed session to "consult with an attorney employed or retained by the public body in order to preserve the attorney-client privilege between the attorney and the public body." N.C.G.S. § 143-318.11(a)(3) (1999). General policy matters, however, may not be discussed in a closed session. *Id.* The public body has the burden of demonstrating the attorney-client exception applies and

must supply some objective indicia that the exception is applicable. *Multimedia Publ'g of N.C., Inc. v. Henderson County*, 136 N.C. App. 567, 575-76, 525 S.E.2d 786, 792, *disc. review denied*, 351 N.C. 474, 543 S.E.2d 492 (2000). "In camera review by the trial court of the minutes of the closed session provides the easiest and most effective way for the [public] body to objectively demonstrate that the closed session was in fact warranted." *Id.* at 576, 525 S.E.2d at 792. After such *in camera* review, the trial court is to make available for public inspection any portion of the closed session minutes not related to the attorney-client privilege. *Id.* (trial court could redact portion of minutes not subject to public disclosure). The trial court may release for public inspection the portion of the minutes related to the attorney-client privilege only if such release would not "frustrate the purpose of [the] closed session." N.C.G.S. § 143-318.10(e) (1999).

In this case, the trial court reviewed, *in camera*, the minutes of Defendant's closed sessions, and it based its judgment on the contents of those minutes. The trial court found Defendant went into these closed sessions to consult with its attorneys and that during these closed sessions, it "did in fact receive legal advice" from its attorneys, there was no "discussion . . . of any general policy matters," and, indeed, "no discussion of any matter which was *not* subject to the attorney-client privilege." The trial court also found that release of the minutes of the closed sessions would "destroy the attorney-client privilege." As the record on appeal does not contain those minutes, Plaintiff has no basis to contest these findings and they are deemed supported by evidence before the trial court. *See Pharr v. Worley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997) (appellant has responsibility to provide this Court with record of trial court proceedings necessary to address issues raised on appeal).

Accordingly, the trial court did not err in finding the closed sessions were entirely for the purpose of protecting Defendant's attorney-client privilege, and that a release of any part of the minutes of the closed sessions for public inspection would destroy the attorney-client privilege.

II

[2] Plaintiff, nonetheless, argues that section 143-318.9 was violated when Defendant voted in open session on the motion to terminate Plaintiff's performance, without any public deliberation or an

opportunity for public comment.[1] Admittedly, there was no public debate, among Defendant's members, of the motion to terminate Plaintiff's performance and no public comment was solicited.[2] This, however, was not in violation of section 143-318.9.

There is nothing in section 143-318.9 requiring the solicitation of public comment as a prerequisite to a vote on a pending motion. Furthermore, although section 143-318.9 requires "deliberations" of public bodies "be conducted openly," we do not read this statute to mandate a formal discussion or debate of an issue. Section 143-318.9 simply requires that if there is any discussion or debate of "public business" at an "official meeting," that discussion or debate must occur in a meeting open to the public with "any person . . . entitled to attend." N.C.G.S. § 143-318.10(a), (d) (1999).

Affirmed.

Judges TIMMONS-GOODSON and BRYANT concur.

---

1. We note this does not affirmatively appear to have been an issue raised in the trial court and, thus, is not properly before this Court. N.C.R. App. P. Rule 10(b)(1). We, however, in our discretion, have chosen to address this argument. N.C.R. App. P. Rule 2.

2. This is not to say that public comment was prohibited, as there is nothing in the record on appeal to suggest any person in attendance at either of the open meetings offered to make a public comment and was denied that opportunity.