PHILLIP SAMUEL BEESON, Plaintiff v. FRANK PALOMBO; SANDRA CATHERINE MCKENZIE, and THE CITY OF NEW BERN, Defendants

No. COA11-1324

(Filed 1 May 2012)

**Police Officers—wrongful conduct—obtaining and executing search warrants—warrants properly sought—probable cause—defendants immune**

The trial court erred in a case in which plaintiff alleged wrongful conduct by defendant police officers in obtaining and executing arrest warrants against plaintiff by denying defendants'

motion for summary judgment. Plaintiff only challenged the existence of probable cause for the seeking and issuance of the warrants, and as the warrants were properly sought and issued based upon probable cause, and as plaintiff failed to demonstrate any deliberate falsehood or reckless disregard by defendants in seeking the warrants, defendants were shielded by immunity.

Appeal by defendants from order entered 19 July 2011 by Judge John E. Nobles, Jr. in Superior Court, Craven County. Heard in the Court of Appeals 23 February 2012.

*William F. Ward, III, P.A., by William F. Ward, III, for plaintiff-appellee.*

*Sumrell, Sugg, Carmichael, Hicks & Hart, PA, by Anakah D. Harrison and Scott C. Hart, for defendant-appellants.*

STROUD, Judge.

Defendants appeal trial court order denying their motion for summary judgment. For the following reasons, we reverse and remand.

## I. Background

On or about 18 March 2010, plaintiff filed a verified complaint against defendants, the City of New Bern and two of its employees on the New Bern Police Department in both their individual and official capacities, for false imprisonment, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress based upon defendants' alleged wrongful conduct in obtaining and executing arrest warrants against plaintiff for assault on a female. On 24 May 2010, defendants answered plaintiff's complaint denying most of the allegations and defending upon the grounds of sovereign/governmental immunity, public official immunity, the existence of probable cause for issuance of the arrest warrants, and plaintiff's own wrongful conduct.

On 6 May 2011, defendants filed a motion for summary judgment arguing that

> the existence of probable cause clearly justified all actions taken relative to Plaintiff during the course of his arrest, that any official capacity claims against the individual Defendants are duplicative, and that the individual Defendants are immune under the Doctrine of Public Official Immunity for any claims asserted against them in their individual capacities.

On 19 July 2011, the trial court denied defendants' motion for summary judgment. Defendants appeal.[1]

## II.  Public Official Immunity

[1] Defendants first contend that the trial court erred in denying their motion for summary judgment because they are "entitled to public official immunity." (Original in all caps.) A thorough description of public official immunity has been provided in *Epps v. Duke Univ.*:

> The public official immunity doctrine proscribes, among other things, suits to prevent a State officer or Commission from performing official duties or to control the exercise of judgment on the part of State officers or agencies. . . .
>
> As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, . . . keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability.
>
> The exceptions to official immunity have expanded over the years, with bad faith and willful and deliberate conduct now operating as additional common law bases for liability.
>
> The official immunity doctrine is deceptively simple. Actual prosecution of a tort claim against a public official, though, reveals the complex nature of the doctrine. The tort must arise from some action taken while the tortfeasor-public official is acting under color of state authority. The complainor must decide whether to sue the public official in his official capacity, in his personal/individual capacity, or both. Assuming a plaintiff asserts a well-pleaded claim against the public officer in both official and individual capacities, the doctrine of governmental (or official) immunity interposes several barriers to liability.
>
> . . . .
>
> . . .[W]hile named defendants may be shielded from liability in their official capacities, they remain personally liable for

---

1. "As an initial matter, we note that the trial court's order denying defendant's motion for summary judgment is interlocutory, and thus, not generally subject to immediate appeal. Orders denying summary judgment based on public official immunity, however, affect a substantial right and are immediately appealable. Thus, defendant's appeal is properly before this Court." *Fraley v. Griffin*, ___ N.C. App. ___, ___, 720 S.E.2d 694, 696 (2011) (citations and quotation marks omitted).

any actions which may have been corrupt, malicious or perpetrated outside and beyond the scope of official duties. Official immunity does not extend to the individuals acting in an official capacity who in disregard of law invade or threaten to invade the personal or property rights of a citizen even though they assume to act under the authority of the State.

122 N.C. App. 198, 203-04, 468 S.E.2d 846, 850-51 (citations, quotation marks, and brackets omitted), *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996).

Here, plaintiff has sued defendants Frank Palombo and Sandra McKenzie in both their official and individual capacities; plaintiffs also allege malicious motive and conduct on the part of defendants Palombo and McKenzie in both their official and individual capacities. Plaintiff's complaint is rife with language alleging the maliciousness of defendants Palombo and McKenzie, as plaintiff claims they acted purposely, intentionally, knowingly, maliciously, willfully, unlawfully, without just cause, and without probable cause. Yet a thorough reading of both plaintiff's complaint and brief makes it clear that plaintiff is actually only challenging defendant McKenzie's choice to seek and have arrest warrants issued. All of plaintiff's claims center on facts which plaintiff alleges demonstrate that the arrest warrants were obtained without probable cause. Thus here, we are asked to review not merely a summary judgment order, but rather, whether the summary judgment order was erroneously denied because probable cause existed for issuance of the arrest warrants. If probable cause existed for the issuance of the arrest warrants, then defendants would be shielded by public official immunity.

A. Standard of Review

Defendant's appeal the trial court's order denying summary judgment; the standard of review for an order denying summary judgment is well-established:

We review a trial court order granting or denying a summary judgment motion on a *de novo* basis, with our examination of the trial court's order focused on determining whether there is a genuine issue of material fact and whether either party is entitled to judgment as a matter of law. As part of that process, we view the evidence in the light most favorable to the nonmoving party.

*Cox v. Roach,* ____ N.C. App. ____, ____, ____ S.E.2d ____, ____ (Feb. 7, 2012) (No. COA11-905) (Citation omitted).

We must therefore consider the forecast of evidence in the light most favorable to plaintiff. *See id.* But in this instance, the relevant issue is whether there was probable cause for issuance of the arrest warrants against plaintiff, and as to a review of probable cause for arrest warrants, our Court has stated, "an appellate court reviewing the decision of a magistrate to issue a warrant does not decide the question of probable cause *de novo*; rather, the question for the appellate court's consideration is whether the evidence viewed as a whole provided a sufficient basis for the magistrate's finding." *State v. Martin,* 315 N.C. 667, 676, 340 S.E.2d 326, 331 (1986).

B.  Probable Cause Generally

The Fourth Amendment requirement that no warrant shall issue but upon probable cause, supported by oath or affirmation, and particularly describing the persons or things to be seized, applies to arrest warrants as well as to search warrants. The judicial officer issuing such warrant must be supplied with sufficient information to support an independent judgment that there is probable cause for issuing the arrest warrant. The same probable cause standards under the Fourth and Fourteenth Amendments apply to both federal and state warrants.

The standard applied to determinations of probable cause is not a technical one. As the Court said recently in *State v. Zuniga,* 312 N.C. 251, 322 S.E.2d 140 (1984), Probable cause is a flexible, common-sense standard. It does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability is all that is required. At minimum, a supporting affidavit for an arrest warrant must show enough for a reasonable person to conclude that an offense has been committed and that the person to be arrested was the perpetrator.[2]

---

2. N.C. Gen. Stat. § 15A-304 does not require an affidavit for an arrest warrant as "oral testimony under oath or affirmation" will also suffice. N.C. Gen. Stat. § 15A-304(d) (2007). Though it appears from defendant McKenzie's deposition that she did not use an affidavit to procure the arrest warrants, it does not change the requirement that in order to challenge probable cause for an arrest warrant the challenger must allege "deliberate falsehood or . . . reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Cox,* ____ N.C. App. at ____, ____ S.E.2d at ____ (applying standard used to challenge probable cause for a warrant to a civil case where no affidavit is mentioned).

*Martin*, 315 N.C. at 675-76, 340 S.E.2d at 331 (citations and quotation marks omitted).

> Probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity. Probable cause for an arrest has been defined to be a reasonable ground of suspicion, supported by circumstances strong in themselves to warrant a cautious man in believing the accused to be guilty. The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances.

*Cox*, ____ N.C. App. at ____, ____ S.E.2d at ____ (citation omitted). Probable cause for an arrest warrant is presumed valid unless plaintiff presents "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at ____, ____ S.E.2d at ____ (citation omitted).

C. Evidence of Probable Cause

On or about 5 October 2010, defendant McKenzie, the police officer who sought arrest warrants for plaintiff, was deposed. The following dialogue took place:

> Q. Okay. When you went to the Magistrate's Office and you spoke with Mr. Hargett, what did you tell Mr. Hargett?
>
> A. The facts of the case.
>
> Q. What did you tell Mr. Hargett?
>
> A. Exactly what the girls had told me: that Mr. Beeson had touched their breast area by removing lint, a piece of lint, as in Mary Smith stating that the hair that was on her shirt—I believe it was Mary. Oh, that he had—that Mary had stated that she had covered her breast area with her arms and saying—telling him, "Mr. Beeson, no, I will get it." And Mary said she was—when her—she dropped her arms, Mr. Beeson reached towards her breast area, anyways, and removed the lint.[3]
>
> Q. Okay. Did you—what did you tell the magistrate about where this incident allegedly occurred?
>
> . . . .

---

3. A pseudonym will be used to protect the identity of the minor involved in this case.

A. I explained to him that it happened at the school, during their class of—that they were in the World History—[classroom.]

. . . .

Q. Now, you said a few moments ago, that when you first went to Mr.—to the Magistrate's Office, Mr. Hargett's office, that you believed this to be a sexual assault, an indecent liberty's [sic] case?

A. Correct.

Q. Okay. What did you tell him about that, when you discussed the indecent liberty's [sic] issue?

A. Based on the fact that there were—there—that Mr. Beeson had allegedly touched their breast area. And he reviewed the statute books, and read them, and explained to me that he did not believe it met the elements of that but he believed it met the elements of assault on a female.

On 6 May 2011, Cedric Hargett, the magistrate who issued the arrest warrants for plaintiff, stated in his second affidavit filed in this matter as follows:

4. In April of 2008, I issued warrants for the arrest of Philip Samuel Beeson on two counts of assault on a female after facts were presented to me by Captain Sandra McKenzie of the New Bern Police Department.

5. I considered the facts presented to me by Captain McKenzie relating to her investigation and determined that probable cause existed for the issuance of the warrants.

6. In November of 2008, I executed an affidavit with regard to the issuance of those warrants. At the time that Affidavit was executed, I felt that I did not know all of the details of the allegations.

7. After the opportunity to further reflect on this matter, I have reached the conclusion that, although I might not have known all the details relating to the investigation, probable cause clearly existed to believe that Mr. Beeson committed the crimes of assault on a female, with which he was charged. I am comfortable and confident that sufficient information was presented to me to make the determination of the existence of

probable cause and, upon reflection, I feel that I acted correctly in determining that probable cause existed.

8.  To the degree my November 2008 affidavit implies that there was any lack of probable cause at the time of the issuance of the warrants against Mr. Beeson, I hereby withdraw that affidavit.

9.  I have not been pressured, coerced or forced to sign this affidavit in any way.

D.  Probable Cause Rebutted

Plaintiff contends that there was not probable cause for the arrest warrants issued against him and directs this Court to evidence which he contends demonstrates the lack of probable cause in obtaining the arrest warrants. Plaintiff relies heavily upon the fact that Mr. Hargett, the magistrate who issued the arrest warrants, stated in his November 2008 affidavit ("first affidavit") that he would not have issued the warrants if he had more information regarding the plaintiff's alleged actions. Mr. Hargett's first affidavit states:

2.  On or about April 28, 2008, Captain Sandra McKenzie came to my office and informed me of a situation involving Phillip Be[e]son. During that conversation, Captain McKenzie, omitted numerous material facts and circumstances which I would have considered in making an independent determination of whether probable cause for a crime existed.

3.  I was not informed by Captain McKenzie that the alleged victims' complaints occurred in a classroom full of other students. Only a slight mention was made by Captain McKenzie about removing lint or hair from the alleged victims' clothes.

4.  I was further not informed that an investigator for the New Bern Police Department had previously consulted with the District Attorney's Office concerning the facts and allegations in these cases and had been told that there was not enough evidence to proceed with criminal charges.

5.  I was not informed that an investigator for the New Bern Police Department had previously consulted with the District Attorney's Office concerning the facts and allegations in these cases and had been told that there was not enough evidence to proceed with criminal charges.

6. The above facts and circumstances were material and relevant as to the issue of probable cause for a criminal charge.

7. The circumstances of Captain McKenzie, the commander of the Major Crimes Criminal Investigations Division, coming to my office to seek warrants was highly unusual and has, in fact, never previously occurred during my time while a magistrate. Her position of authority created perceived pressure upon me not generally otherwise felt in similar circumstances and implied a major case status.

8. The presentation given by Captain McKenzie gave me the unmistakable impression that Mr. Be[e]son's alleged conduct was of a sexual nature. In fact, due to Captain McKenzie's statements to me, we initially considered a felony charge of indecent liberties with a minor.

9. Had I been fully informed of the above facts, I would not have issued the warrants against Mr. Beeson.

Plaintiff alleges a lack of probable cause is shown by the following facts:

a. That the alleged conduct involved removing lint or hair from the alleged victims' clothing in the area of the breasts;

b. That the removal of the lint from the clothing of the alleged victims occurred in a classroom full of students during class;

c. That there was no "rubbing, cupping, or massaging of the breast area" during the alleged de-linting;

d. That the two alleged minor "victims" and their families had, repeatedly, expressed to the Police Department that they did not desire to file criminal complaints against the plaintiff, Beeson;

e. That the two alleged minor "victims" and their families did not believe the conduct of plaintiff to be criminal;

f. That the police department had previously consulted with the District Attorney's Office concerning the facts and allegations and had been informed that there was insufficient evidence to proceed with criminal charges.

Essentially, plaintiff argues that there is a genuine issue of material fact, which a jury must decide, as to whether probable cause existed to issue the arrest warrants, because the issuing magistrate himself later changed his mind on this issue, after learning of some facts of which he was not aware when he issued the warrant.

### E. Probable Cause Analysis

Plaintiff urges us to view the issuance of the arrest warrants with hindsight, knowing that the criminal charges against him were ultimately dismissed. Although it is said that hindsight is 20/20, in reviewing the existence of probable cause, we cannot use hindsight, but instead we must determine "whether the evidence viewed as a whole provided a sufficient basis for the magistrate's finding" at the time the arrest warrant was issued, *Martin*, 315 N.C. at 676, 340 S.E.2d at 331, and whether the evidence presented to the. magistrate was based upon "deliberate falsehood or . . . reckless disregard for the truth." *Cox*, _____ N.C. App. at _____, _____ S.E.2d at _____.

The law enforcement agent procuring a warrant need not disclose every fact known or believed about the alleged crime, if these facts are not material facts which would change the determination of probable cause. *See Martin*, 315 N.C. at 678, 340 S.E.2d at 332. In *Martin*, the "Defendant alleged that Detective Scott knowingly and intentionally or with reckless disregard for the truth presented the magistrate, through Officer Brown, false information in that he deliberately omitted material facts from the information he gave Officer Brown by not telling him he disbelieved [an eyewitness's] story." *Id.* (quotation marks omitted). Our Supreme Court rejected this argument, as Detective Scott's beliefs about the eyewitness's story were not material to the determination of probable cause. *See id.* We must therefore determine whether the information which defendant McKenzie gave Mr. Hargett was sufficient to support a determination of probable cause, and whether any of the information which defendant McKenzie failed to disclose to Mr. Hargett was material to this determination. *See id.* at 676-78, 340 S.E.2d at 331-32.

Defendant McKenzie informed Mr. Hargett that plaintiff, a teacher, had "touched [the] breast area" of two *minor* female students even after at least one of the students had covered herself with her arms and asked plaintiff not to touch her; this is certainly "enough for a reasonable person to conclude that an offense has been committed and that the person to be arrested was the perpetrator." *Martin*, 315 N.C. at 676, 340 S.E.2d at 331. Neither of Mr. Hargett's

affidavits, nor any of the depositions, contain evidence supporting "allegations of deliberate falsehood or of reckless disregard for the truth" on the part of defendant McKenzie. *See Cox*, ____ N.C. App. at ____, ____ S.E.2d at ____. Even if defendant McKenzie did not tell Mr. Hargett every fact involved, there is no indication of any misrepresentation or deception. At most, the first affidavit emphasizes that Mr. Hargett considered certain information to be pertinent which defendant McKenzie did not; it does not, however, indicate that defendant McKenzie purposely lied to or hid the truth from Mr. Hargett. *See id.* (noting that "[a]llegations of negligence or innocent mistake are insufficient" to rebut probable cause for a warrant (citation omitted)). Further evidence that defendant McKenzie was candid with Mr. Hargett can be seen in the fact that defendant McKenzie originally thought the arrest warrants would be issued for indecent liberties. Mr. Hargett did not think the elements fit that crime but instead fit the crime of assault on a female. In summary, Mr. Hargett's first affidavit in no way challenges the critical facts in this case: a male teacher touched the "breast area" of two minor female students.

The questions raised by plaintiff as to the allegedly omitted facts regarding whether the touching of the breasts was due to lint or hair removal, who observed it, and how much touching actually occurred do not change the determination of probable cause. *See Martin*, 315 N.C. at 676, 340 S.E.2d at 331. In fact, it appears that defendant McKenzie believed the touching occurred but did not necessarily believe plaintiff's claims that the touching was due to hair or lint removal, just as in *Martin* the officers believed only portions of a witness's story and reported only that portion to the magistrate. *Id.* at 678, 340 S.E.2d at 332. Furthermore, as defendant McKenzie noted in her deposition, it is not unusual for crime victims not to want to proceed with prosecution, particularly when the victim is a minor who may have to testify before the accused. The fact that the minors involved and their parents may not have wanted to pursue criminal charges and may not have considered the manner criminal is not material to the determination of the existence of probable cause. Lastly, it is a judicial official's function to determine whether probable cause exists and a law enforcement officer's function to explain the facts to the judicial official so that such a determination may be made. *See* N.C. Gen. Stat. § 15A-304. Clearly, Mr. Hargett, at the time defendant McKenzie was before him, believed there to be probable cause of assault on a female, as is evidenced by the arrest warrants he issued as well as both of his affidavits; the fact that someone from

the district attorney's office may have disagreed with Mr. Hargett has no bearing on our analysis.

Viewing the facts alleged "in the light most favorable to" plaintiff, *Cox*, ____ N.C. App. at ____, ____ S.E.2d at ____, and considering "the evidence . . . as a whole" we conclude that there was "a sufficient basis for the magistrate's finding" of probable cause, and thus the seeking and issuance of the arrest warrants. *Martin*, 315 N.C. at 676, 340 S.E.2d at 331. As substantively plaintiff only challenges the existence of probable cause for the seeking and issuance of the arrest warrants, and as the arrest warrants were properly sought and issued based upon probable cause, and as plaintiff has not demonstrated any "deliberate falsehood or . . . reckless disregard" by defendants in seeking the arrest warrants, defendants are shielded by immunity. *See Cox*, ____ N.C. App. at ____, ____ S.E.2d at ____, *Epps*, 122 N.C. App. at 203-04, 468 S.E.2d at 850-51. As such, we see no "genuine issue of material fact" and defendants are "entitled to judgment as a matter of law." *Cox*, ____ N.C. App. at ____, ____ S.E.2d at ____.

## III. Conclusion

As defendants are shielded by immunity the trial court erred in failing to grant defendants' motion for summary judgment. Accordingly, we reverse the trial court's order denying summary judgment and remand for entry of an order granting summary judgment in favor of defendants. As we are reversing the trial court's denial for summary judgment and ordering the trial court to grant summary judgment in favor of defendants, we need not address defendants' other arguments on appeal.

REVERSED and REMANDED.

Judge ELMORE concurs.

Judge STEELMAN concurs in the result by separate opinion.

STEELMAN, Judge, concurring in the result.

I concur in the result of this case. The exceptions to official immunity have gradually expanded over the years. *Epps v. Duke Univ.*, 122 N.C. App. 198, 204, 468 S.E.2d 846, 851 (1996). This Court has explicitly recognized five: "A public officer . . . 'is shielded from liability unless he engaged in discretionary actions which were

BIRTHA v. STONEMOR, NC, LLC

[220 N.C. App. 286 (2012)]

allegedly: (1) corrupt; (2) malicious; (3) outside of and beyond the scope of his duties; (4) in bad faith; or (5) willful and deliberate.' " *Smith v. Jackson Cnty. Bd. of Educ.*, 168 N.C. App. 452, 468, 608 S.E.2d 399, 411 (2005) (quoting *Reid v. Roberts*, 112 N.C. App. 222, 224, 435 S.E.2d 116, 199 (1993)). I am not persuaded that the lack of probable cause to issue an arrest warrant, standing alone, is sufficient to negate immunity. *Cf. Schlossberg v. Goins*, 141 N.C. App. 436, 446, 540 S.E.2d 49, 56 (2000) (stating that a plaintiff cannot defeat public official immunity by alleging "reckless indifference"). I would affirm on this basis.